EDWIN PAUNETO RIVERA, demandante y recurrido, *v.* IVÁN NÚÑEZ BORGES, demandado y recurrente.

Número: R-84-171          Resuelto: 29 de junio de 1984

*Manuel Dorta-Duque*, abogado del recurrente; *Edwin Pagán Rodríguez*, abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

I

Mediante contrato notarizado el 30 de julio de 1974, Iván Núñez Borges, casado con la Sra. Margarita Huergo Menéndez, alquiló a Edwin Pauneto Rivera, casado con la Sra. Laura Cosme, una propiedad en Levittown que destinó a uso comercial. Vencido el término original y la prórroga, no es hasta el 1980 que lo desalojó. Pauneto Rivera lo demandó[1]

---

[1] No incluyó en su demanda a la sociedad de gananciales Núñez-Huergo como tampoco a Núñez Borges como su administrador. Tampoco promovió trámite alguno contra la señora Huergo.

reclamando unos cánones adeudados, los dejados de percibir y la indemnización por daños por unas alteraciones perjudiciales a la estructura del edificio.

El 24 de agosto de 1981, el Tribunal de Distrito, Sala de Toa Alta, dictó sentencia contra Núñez Borges. Dicho foro consignó que su responsabilidad surgía como consecuencia de sus reiterados incumplimientos con los términos del contrato. Lo condenó a satisfacer $15,000 en concepto de indemnización por daños materiales, $400 por rentas atrasadas, $4,308.20 por rentas dejadas de percibir más las costas y $500 de honorarios de abogado. Luego de varios trámites apelativos esa sentencia advino final y firme.

Dos (2) años después, Pauneto Rivera presentó ante dicho tribunal una moción bajo la Regla 51.7 de Procedimiento Civil regulatoria del trámite de sentencia contra deudores solidarios. En síntesis expuso que por inadvertencia no emplazó a la señora Huergo ni a la sociedad legal Núñez-Huergo. Solicitó que se les citara para mostrar causa por la cual no deberían ser solidariamente responsables de la sentencia. El tribunal se negó. Resolvió que la señora Huergo no estaba comprendida en el concepto de deudor solidario visualizado en la Regla 51.7. Pauneto Rivera apeló. El Tribunal Superior concluyó que aplicaba y revocó.

Recurrió ante nos la señora Huergo y la sociedad legal de gananciales Núñez-Huergo. Alegan que el Tribunal Superior erró al determinar que aun cuando nunca fueron originalmente partes ni emplazados, podía hacerles responsables a través del mecanismo sumario de la Regla 51.7. Revisamos mediante trámite de mostrar causa.

## II

El análisis de la cuestión, nueva ante este foro,(²) preli-

---

(²) Existe un caso de la Corte de Distrito Federal para el Distrito de Puerto Rico en que se permitió adquirir jurisdicción sobre una sociedad legal de gananciales mediante el mecanismo de la Regla 51.7, *Frito-Lay of Puerto Rico* v. *Cañas*, 92 F.R.D. 384, 396 (P.R. 1981). No surge si se impugnó el procedimiento por los afectados.

minarmente debe ser precedida de una rápida ojeada a algunos principios elementales en nuestra casuística sobre el emplazamiento, la institución de la sociedad legal de gananciales y la regla de solidaridad. Únicamente así podemos investigar y descubrir la dinámica que anima la Regla 51.7 y su aplicación.

En *Pagán* v. *Rivera Burgos*, 113 D.P.R. 750, 754 (1983), caracterizamos el emplazamiento como "el paso inaugural del debido proceso de ley que permite el ejercicio de jurisdicción por el tribunal para adjudicar derechos del demandado". Con relación a la sociedad conyugal, hemos reconocido que con el emplazamiento de uno solo de los coadministradores de dicha sociedad es posible adquirir jurisdicción sobre la misma. *Int'l Charter Mortgage Corp.* v. *Registrador*, 110 D.P.R. 862, 864 (1981); *García* v. *Montero Saldaña*, 107 D.P.R. 319, 341 (1978). Sin embargo, la mejor práctica es incluir a ambos como medida cautelar ante la eventualidad de que exista un conflicto de intereses. *Alicea Álvarez* v. *Valle Bello, Inc.*, 111 D.P.R. 847, 854 (1982).

Sin embargo, un examen cuidadoso refleja que en todos esos casos la sociedad legal fue expresamente demandada, objeto de alegaciones y emplazada. La necesidad de ese trámite se entiende al recordar que la sociedad de gananciales —aunque *"sui generis,* de características especiales", *Torres* v. *A.F.F.*, 96 D.P.R. 648, 653 (1968)— es una entidad jurídica separada con personalidad propia y distinta de la de los cónyuges que la componen. *Int'l Charter Mortgage Corp.* v. *Registrador*, supra, pág. 864. Por ende, "no absorbe la personalidad individual de los cónyuges . . .". Íd., pág. 867.

En síntesis, nuestra jurisprudencia está huérfana en cuanto a dictamen, que sin demanda, alegaciones y emplazamiento —ausente un vínculo previo de solidaridad— haya permitido invocarse con éxito la Regla 51.7. Respecto al requisito de solidaridad, lo más cercano es *Sepúlveda* v. *Maldonado Febo*, 108 D.P.R. 530 (1979). Allí se efectuó un embargo sobre una propiedad ganancial por concepto de

deuda extracontractual. Por innecesario, no nos manifestamos sobre el reclamo de la esposa del demandado Maldonado, en el sentido de que ni ella ni la sociedad de gananciales habían sido incluidos en el pleito. Resolvimos a base de que el acto torticero (muerte ilegal) en que se fundó la acción no benefició a la sociedad, y por ende no respondía.

■ Para reclamar una deuda de carácter ganancial, debe el acreedor dirigirse contra los bienes gananciales, esto es, demandar a la sociedad. J. Puig Brutau, *Fundamentos de Derecho Civil*, Barcelona, Ed. Bosch, 1967, T. IV, Vol. I, págs. 689–734.

### III

La Regla 51.7 reza:

*Procedimientos en sentencia contra deudores solidarios*

Cuando se obtiene una sentencia contra uno o más entre varios *deudores solidariamente responsables de una obligación*, aquellos deudores que no fueren partes en la acción, podrán ser citados para que comparezcan a mostrar por qué causa no han de estar *obligados por la sentencia de igual modo que si hubieren sido demandados desde un principio. . . .*

Hecha la citación, el deudor citado deberá comparecer en la fecha que se indica en la citación, y en dicha vista podrá aducir *cualquier defensa de hecho y de derecho para eximirle de responsabilidad*. Las cuestiones así planteadas podrán substanciarse como en los demás casos. (Énfasis suplido.)

Su historial y comentarios son escasos. Se apunta que no tiene equivalencia federal y que se codificó para cubrir lo que disponían los Arts. 307 a 312 del Código de Enjuiciamiento Civil, 32 L.P.R.A. secs. 1331–1336, mediante la simplificación de la redacción y del procedimiento allí fijado. Al explorar más profundamente descubrimos que a su vez dicho código se inspiró en los Arts. 307–312 de su predecesor de igual nombre, del año 1904, y en los Arts. 989–994 de California y los Arts. 3698–3703 de Idaho, respectivamente,

de los Códigos de Enjuiciamiento Civil según ambos prevalecían en esas jurisdicciones a principios de siglo.[3]

De esta interesante genealogía sólo resulta pertinente nuestra limitada jurisprudencia. A su amparo los casos de *Portela* v. *Saldaña*, 39 D.P.R. 542 (1929); *Banco Territorial y Agrícola* v. *Vidal*, 42 D.P.R. 869 (1931); *Balbaño* v. *Cintrón*, 53 D.P.R. 844 (1938); y *Durán* v. *Sucn. Durán*, 58 D.P.R. 59 (1941), establecen que el mecanismo sumario de imposición de responsabilidad y ejecución de la hoy Regla 51.7 de Procedimiento Civil, únicamente procede cuando existen unos *vínculos contractuales* de solidaridad para citar personas que no fueron demandados "originalmente y no comparecieron voluntariamente, requiriéndoles para que expongan las razones que puedan tener para que no se les obligue a hacer efectiva la sentencia". *Durán* v. *Sucn. Durán*, supra, pág. 62.

■ En resumen, los requisitos que deben concurrir para determinar la disponibilidad del trámite de la Regla 51.7 son: (1) responsabilidad solidaria previa dimanante "de una obligación" contractual; y (2) que contra quienes se invoca pudieron haber sido demandados y emplazados al iniciarse la acción. Ausente cualesquiera de estos requisitos, la regla no es aplicable.

## IV

■ Una obligación no puede ser considerada *in solidum* "a menos que aparezca claramente tal intención en el documento". *Rosario* v. *Sandoval*, 60 D.P.R. 411, 413 (1942). La norma legal es que la solidaridad en las obligaciones no se presume. Debe haber pacto expreso al efecto. Art. 1090 del Código Civil, 31 L.P.R.A. sec. 3101.

"De igual modo el régimen de gananciales prevaleciente reconoce, como axioma básico, el patrimonio individual de cada cónyuge separado del de la sociedad." *García* v. *Mon-*

---

[3] Véanse Cal. Codes & Stat. secs. 989–994 (1901); Idaho Code of Civ. Proc. secs. 3698–3703 (1901).

*tero Saldaña,* supra, pág. 335. Este principio y el de separabilidad de bienes rechaza una norma de solidaridad entre los cónyuges y la sociedad.

A lo expuesto, no obsta el Art. 1308 del Código Civil, según enmendado, que dispone "[s]erán de cargo de la sociedad de gananciales: 1. [t]odas las deudas y obligaciones contraídas durante el matrimonio por [cualquiera de los cónyuges] . . ." . 31 L.P.R.A. sec. 3661(1). Simplemente, "[la] ley presume que se contraen en interés común". J. M. Manresa, *Código Civil Español,* 6ta ed. rev., Madrid, Ed. Reus, 1969, T. 9, pág. 740. Esta presunción es *iuris tantum,* rebatible. F. Puig Peña, *Compendio de Derecho Civil Español,* 3ra ed. rev., Madrid, Eds. Pirámide, 1976, T. V, pág. 163. Sin embargo, no significa ni es equivalente a decir que los cónyuges, como individuos, son responsables solidariamente de todas las deudas de la sociedad. Y viceversa, de existir la responsabilidad de la sociedad, sería subsidiaria, previa excusión de bienes. La presunción de ganancialidad no es sinónimo de solidaridad.

En resumen, en el caso de autos no puede invocarse el mecanismo sumario de la Regla 51.7. No existe apriorísticamente el lazo de solidaridad contemplado en la misma.

*Se dictará sentencia para revocar la del Tribunal Superior, Sala de Bayamón y confirmar la del Tribunal de Distrito, Sala de Toa Alta.*