# 2000 DTA 89

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL IV DE AGUADILLA Y MAYAGUEZ**
**PANEL I**

SONIA SILVA RAMOS
Apelada

v.

PEDRO VAZQUEZ LUGO Y MARIBEL VAZQUEZ
Apelantes

Núm. KLAN-99-01050

San Juan, Puerto Rico, a 8 de febrero de 2000

Panel integrado por su Presidenta, la Juez López Vilanova
y los Jueces Córdova Arone y Escribano Medina

Córdova Arone, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La apelación presentada por los apelantes, Pedro Vázquez Lugo y Maribel Vázquez, el 4 de octubre de 1999 ante el Tribunal de Primera Instancia, Sala Superior de Mayagüez, nos presenta una sola controversia: ¿procede la desestimación de la demanda presentada sobre desahucio en precario por haberse establecido un conflicto de título? C.R.U.V. v. Román, 100 D.P.R. 320, 321 y 322 (1971). En la sentencia emitida por el Tribunal de Primera Instancia se resolvió que no se estableció dicho conflicto. Estamos de acuerdo, por lo que procede confirmar la sentencia apelada. Repasemos primero los hechos pertinentes.

### I

La apelada, Sonia Silva Ramos, advino titular de la propiedad objeto de este pleito el 21 de abril de 1995 mediante sentencia de divorcio. Aún no se ha otorgado la escritura de liquidación de gananciales, por lo que su título no se encuentra inscrito en el Registro de la Propiedad. ■ La sentencia se dictó el 28 de agosto de 1998 y

es a esa fecha que no aparecía la propiedad inscrita a su nombre. Desconocemos la actual situación.

Previo al divorcio, el 8 de agosto de 1990, Doña Silvia y su esposo Walding E. Torres Torres pactaron la compraventa de la propiedad. El 27 de agosto de 1990, los apelantes entraron en posesión de la propiedad, pactando mediante una declaración jurada, hacer los pagos mensuales de la hipoteca, que tenía un balance de $15,000.00 y que dichos pagos se acreditarían al precio de la compraventa de $30,000.00; los restantes $15,000.00 a pagarse al otorgarse la escritura de compraventa. Acordaron, además, que si los compradores se atrasaban en el pago de tres mensualidades, cesaría el derecho a adquirir, renunciando expresa y voluntariamente a la totalidad de lo invertido y aceptan que los dueños de la propiedad tomen posesión de la misma, perdiendo los compradores todos los derechos y acciones que tengan en dicha propiedad, incluyendo las mejoras. Se consideraría para todos los efectos legales, el pago de las mensualidades como un canon de arrendamiento por el uso y disfrute de la propiedad. Acordaron que los apelantes iniciarían los trámites con una institución financiera para obtener el financiamiento de los $15,000.00 que quedan pendiente por pagar, o de éstos no poder obtener el préstamo, la apelante renovaría el préstamo existente por la cantidad de $15,000.00 y los apelantes lo pagarían en mensualidades. No se fijó término para ejercer la opción.

El 28 de diciembre de 1994 se recogió este mismo acuerdo, otorgándose un contrato privado de opción de compraventa firmado por los compradores y la apelada Sonia Silva Ramos solamente, bajo el afidávit núm. 5,631, del notario Ada González Vega. ▉ En este documento tampoco se fijó el término para ejercer la opción creada. Los apelantes efectuaron los pagos mensuales por la cantidad de $351.00 a partir del 15 de octubre de 1990 hasta el 25 de junio de 1994, pagando la suma de $15,795.00, cancelándose de esa manera la deuda hipotecaria. La apelada no ha recibido pago alguno desde que se pagó la deuda hipotecaria el 25 de junio de 1994 por el uso de la propiedad por parte de los apelantes.

Los apelantes han mejorado la propiedad por un valor de $14,000.00, consistiendo estas mejoras en sustituir parte del techo de la estructura de zinc a cemento y ampliar el área del comedor. Luego de pagarse la hipoteca, el apelante Pedro Vázquez Lugo solicitó el 8 de agosto de 1995 un procedimiento de quiebra personal lo que produjo problemas con la obtención del financiamiento. Dentro de este procedimiento, el Sr. Vázquez informó al Tribunal de Quiebras que no tenía interés o participación alguna en la propiedad inmueble arrendada y que le pagaba a la apelada, Sra. Sonia Silva, la cantidad de $125.00 mensuales por concepto de alquiler.

El 2 de agosto de 1995, ya divorciada la apelada, se suscribió un segundo contrato de opción de compraventa. Comparecieron para otorgar este contrato, la apelada Sonia Silva y Maribel Vázquez, aún casada, ya que su divorcio ocurrió el próximo mes, el 1 de septiembre de 1995. En este contrato se cambiaron varios de los acuerdos previos que contenía la primera opción de compraventa antes mencionada. El precio de compraventa es ahora de $36,000.00, de los cuales la apelada acepta haber recibido $15,000.00. La opción se condiciona a que la apelante Maribel Vázquez obtenga un financiamiento hipotecario por $25,000.00, a través de Southern Mortage en 90 días a partir del 2 de agosto de 1995.

La apelante solicitó un préstamo hipotecario por $40,000.00, pero no se pudo realizar el proceso porque entre otras razones, la propiedad aún no estaba inscrita a nombre de la apelada. Se debe observar, como lo observó el Juez de instancia, que en la planilla de información personal y económica presentada en el proceso de divorcio, la apelada Doña Miriam, no menciona que es titular de la propiedad arrendada, pero sí menciona que entre sus gastos mensuales paga $187.00 de hipoteca. Su marido no hace mención del referido inmueble, ni de pago de hipoteca.

## II

Los Arts. 620 y 621 del Código de Enjuiciamiento Civil, 32 L.P.R.A. secs. 2821 y 2822, establecen quiénes son los que pueden promover el recurso sumario de desahucio y contra quién procederá el mismo. Previamente señalamos que el proceso sumario de desahucio no procede cuando surge un conflicto de título. Es decir, si el demandado en desahucio produce prueba suficiente que tienda a demostrar que tiene algún derecho a ocupar un inmueble y que tiene un título tan bueno o mejor que el demandante, surge un conflicto de título que hace

imprecedente la acción de desahucio. *C.R.U.V. v. Román, supra.*

Tenemos que decidir si la apelada es dueña del inmueble con derecho a disfrutarlo como establece el Art. 620 del Código de Enjuiciamiento Civil, *supra*, y si procede su acción contra los aquí apelantes por ser arrendatarios, según dispone el Art. 621 del Código de Enjuiciamiento Civil, *supra*, o si, por el contrario, éstos tienen un título tan bueno o mejor que el promovente, por lo que habría que desestimar el recurso hasta que se resuelva el existente conflicto de título. Estamos de acuerdo con lo determinado por el Tribunal de Primera Instancia en su sentencia. No se probó conflicto de título, por lo que procede el procedimiento sumario de desahucio.

El contrato que rige entre las partes es el contrato de opción de compraventa otorgado por la apelada Sonia Silva Ramos y la apelante Maribel Vázquez que, aunque casada, comparece sin su esposo el 2 de agosto de 1995. El contrato previamente firmado de 28 de diciembre de 1994 quedó sustituido o novado, según dispone el Art. 1158 del Código Civil, 31 L.P.R.A. sec. 3242. El segundo contrato hizo serias modificaciones, tales como el precio de la compraventa acordada, estableció por primera vez un término y cambió la suma a ser financiada, así como también modificó la persona obligada a obtener este financiamiento. Es claro que estamos ante un nuevo acuerdo de voluntades. *Atocha Thom McAn. Inc. v. Registrador*, 123 D.P.R. 571, 582 (1989).

Es norma reconocida que los cambios en la duración del término de un contrato implican su novación. Art. 1157 del Código Civil, 31 L.P.R.A. sec. 3241. Obsérvese que al no comparecer el marido de la apelante Maribel Vázquez, éste puede que no quede personalmente obligado con los términos del contrato, si se ejerce la opción de compraventa. *WRC Props. Inc. v. Santana*, 116 D.P.R. 127, 134-135 (1985); *Pauneto v. Núñez*, 115 D.P.R. 591 (1984).

No creemos que es necesario entrar en los distintos supuestos contractuales como lo hizo el Tribunal de Primera Instancia. Resolvemos que la figura jurídica que aplica es el contrato de opción de compraventa, según las partes así lo acordaron a través de la novación. Nuestra jurisprudencia ha adoptado la postura de Castán, definitoria del contrato de opción como el *"...convenio por el cual una parte concede a otra por tiempo fijo y en determinadas condiciones, la facultad, que se deja exclusivamente a su arbitrio, de decidir respecto a la celebración de un contrato principal". Rosa Valentín v. Vázquez Lozada*, 103 D.P.R. 796, 806 (1975).

El contrato de opción de compraventa, como el que atendemos, está sujeto a una condición incierta: el derecho del optante. Como nos dice el Prof. Michael J. Godreau al analizar el Art. 38 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2201, *"... no es todo tipo de pacto de opción el que tiene acceso al Registro, sino únicamente la opción a compra. Quedarían excluidos, pues, los pactos de opción de arrendamiento o de opción para la adquisición de cualquier otro derecho personal, logra acceso al registro por vía de excepción y únicamente porque el legislador ha designado este tipo de negocio, el de compra, como el merecedor de la protección registral." La Opción de Compra en Puerto Rico*, Rev. Jur. U.P.R. 565, 594 (1984).

El Prof. Eduardo Vázquez Bote expresa que: *"[E]s ampliamente discutida la naturaleza jurídica de esta figura [la opción], no solamente en orden de considerarla como una mera cláusula, un precontrato, sino también en punto a si tiene carácter personal o real". Derecho Civil de Puerto Rico*, Tomo III, Vol. 1, 1973, a la pág. 534. Cuando como en el contrato de opción, dos personas se ponen de acuerdo, pero sólo una de ellas resulta obligada, el contrato es unilateral. Es un precontrato que se perfecciona o pasa a ser bilateral cuando se fija una prima que ha de pagar el titular del derecho de opción al concederse el mismo. Castán, *Derecho Civil Español, Común y Foral*, Tomo IV, 1952, págs. 41-42.

Resumiendo, la aceptación de la promesa de venta por el optante, produce, no un contrato perfeccionado de compraventa, sino la obligación de parte del concedente de vender, y de parte del optante de comprar la cosa objeto del contrato. *Pérez v. Sampedro*, 86 D.P.R. 526 (1962). Siendo el caso que un contrato de opción de compraventa es uno unilateral personal, como lo es el contrato objeto de esta decisión, un precontrato condicionado en otro acto, contrato de compraventa bilateral para que entonces se transmita o se transfiera el título de la propiedad, lo que en le caso nuestro no ocurrió, no se creó, por tanto, conflicto de título alguno para

derrotar el procedimiento sumario de desahucio.

Hemos razonado la controversia algo distinto que lo hizo el ilustre tribunal apelado, pero toda vez que el recurso se da contra la sentencia y no contra sus fundamentos, la misma será confirmada.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General