JANETTE VEGA ORTIZ, ETC., demandantes y recurridos, *v.* NELSON BONILLA VÁZQUEZ y OTROS, demandados y peticionario el primero.

*Número:* CC-2000-698 *Resuelto:* 12 de marzo de 2001

*Luis E. Rodríguez Santiago*, abogado de la parte demandada y peticionaria; *Juan E. Medina Torres*, abogado de la parte demandante y recurrida.

PER CURIAM: La demandante Janette Vega Ortiz, por sí y en representación de su hija menor, Carynette Rodríguez Vega, presentó una demanda mediante la cual reclamó daños y perjuicios contra el Sr. Nelson Bonilla Vázquez, su esposa, de nombre desconocido "Jane Doe", y la sociedad de bienes gananciales compuesta por ambos, además de la Aseguradora, Inc. y John Doe. En la segunda y tercera alegación de la demanda enmendada se expone lo siguiente:

> 2. Que los demandados son mayores de edad, casados entre sí y tienen constituída [sic] una Sociedad Legal de Gananciales y quienes poseen un seguro de *responsabilidad pública en el vehículo que poseen y con el cual se ocasionaron los daños* que se reclaman en la demandada [sic], incluyendo a ASEGURADORA, INC., pro [sic] desconocerse el verdadero nombre de la Compañía de Seguros.
> 3. Que se incluye el nombre de JOHN DOE *por desconocer el verdadero nombre del dueño del vehículo* que conducía el Sr. NELSON BONILLA al ocasionar el accidente que motivó esta demanda.[1] (Énfasis suplido.)

---

[1] En la demanda original presentada el 13 de mayo de 1997, aparentemente por equivocación, se indicó en el epígrafe y en las alegaciones que el codemandado era Jaime Bonilla. En la demanda enmendada de 28 de julio de 1997 se corrigió este error y en el epígrafe y las alegaciones aparece como codemandado Nelson Bonilla. Ésta fue la persona emplazada.

El 20 de agosto de 1997, el señor Bonilla Vázquez fue emplazado y el 5 de febrero de 1998, luego de que se le concediera una prórroga, contestó la demanda enmendada negando la mayor parte de las alegaciones y presentando varias defensas afirmativas. El 17 de marzo de 1999 las demandantes y el codemandado Bonilla Vázquez sometieron un informe sobre conferencia preliminar entre abogados. El 13 de mayo, Bonilla Vázquez presentó una moción solicitando la desestimación parcial de la demanda. Alegó que "Jane Doe" y la sociedad de bienes gananciales no habían sido emplazadas.[2]

El 28 de febrero de 2000 el foro de instancia denegó la moción de desestimación. Esta orden fue notificada el 28 de marzo. Inconforme, el 13 de abril de 2000 el codemandado Bonilla Vázquez presentó una petición de *certiorari* ante el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito) alegando que el foro de instancia erró al denegar la desestimación parcial de la demanda, o sea, al no desestimar las reclamaciones contra "Jane Doe" y la sociedad de bienes gananciales que aún no habían sido emplazadas.

El 30 de junio de 2000 el Tribunal de Circuito emitió resolución negándose a expedir el recurso. Expresó en ella que la sociedad de bienes gananciales había sido emplazada al emplazarse a su coadministrador, el codemandado Bonilla Vázquez y que "aunque las aseveraciones de la demanda no expongan, de primera intención, una causa de acción contra la sociedad conyugal, nada de impropio tiene incluirla como parte, ante la eventualidad de que los bienes gananciales puedan responder por una condena pecu-

---

Cabe señalar además, que si el vehículo con el que el señor Bonilla Vázquez causó el accidente era de la sociedad de bienes gananciales, ésta podría ser solidariamente responsable por los daños causados. Véase la Sec. 13-101 de la Ley Núm. 141 de 20 de julio de 1960, según enmendada, 9 L.P.R.A. ant. sec. 1751.

[2] Cabe señalar que de la moción no surge que se haya comparecido a nombre de "Jane Doe" y la sociedad de bienes gananciales. En otras palabras, compareció por conducto de su abogado, pero a nombre propio para solicitar un remedio para los codemandados que aún no habían comparecido voluntariamente.

niaria si la responsabilidad que se le pudiera imponer a un cónyuge no pudiese ser satisfecha por éste con sus bienes privativos". Añadió también que el codemandado Bonilla Vázquez no tenía legitimación activa para solicitar la desestimación de las reclamaciones contra "Jane Doe", nombre ficticio bajo el cual aparecía su esposa.

Inconforme con la sentencia, Bonilla Vázquez presentó ante nos una petición de *certiorari* señalando como único error el siguiente:

> Cometió Grave Error de Derecho el Honorable Tribunal de Circuito de Apelaciones (Circuito Regional V de Ponce y Aibonito), al determinar que con el emplazamiento del co-demandado-peticionario, Nelson Bonilla Vázquez, se emplazó a la Sociedad Legal de Gananciales y que dicho co-demandado carece de legitimación activa para solicitar la desestimación de la demanda a nombre de Jane Doe. (Énfasis suprimido.)

El 30 de octubre de 2000 emitimos una resolución concediéndole a la parte demandante recurrida término para que mostrara causa por la cual no deberíamos expedir el recurso presentado y revocar la resolución emitida por el Tribunal de Circuito el 10 de junio de 2000. Con el beneficio de la comparecencia de ésta resolvemos sin ulteriores procedimientos.

En esencia, el peticionario plantea que erró el Tribunal de Circuito al resolver que la sociedad legal de gananciales constituida por Bonilla Vázquez y "Jane Doe", fue debidamente emplazada, al emplazarse al codemandado Bonilla Vázquez, y que éste carecía de legitimación activa para solicitar la desestimación de las reclamaciones contra su esposa "Jane Doe."

El Art. 91 del Código Civil, 31 L.P.R.A. sec. 284, establece que ambos cónyuges son coadministradores de la sociedad legal de gananciales y que cualquiera de ellos podría representar legalmente a dicha sociedad. Además, dispone que cualquiera de los cónyuges puede otorgar man-

dato para que el otro sea el único administrador de la sociedad legal de gananciales.

■ La sociedad legal de gananciales es una entidad económica familiar sui géneris. *Torres v. A.F.F.*, 96 D.P.R. 648, 653 (1968). Es también una entidad jurídica separada de los cónyuges que la componen, con personalidad propia y distinta. *Int'l Charter Mortgage Corp. v. Registrador*, 110 D.P.R. 862 (1981).

■ En *Pauneto v. Núñez*, 115 D.P.R. 591, 594 (1984), al profundizar sobre la norma procesal de que con el emplazamiento de uno solo de los coadministradores de dicha sociedad es posible adquirir jurisdicción sobre ésta, expresamos en relación con los casos en los cuales se apoya la norma procesal antes expuesta, que, *"un examen cuidadoso refleja que en todos esos casos la sociedad legal fue expresamente demandada, objeto de alegaciones y emplazada"*. (Énfasis suplido.) Íd. En otras palabras, al ser "una entidad jurídica separada con personalidad propia y distinta de la de los cónyuges que la componen ... 'no absorbe la personalidad individual de los cónyuges' ". Íd.

■ Este Tribunal ha reconocido que cuando la sociedad legal de gananciales es demandada, su emplazamiento por conducto de uno solo de los coadministradores de dicha sociedad es suficiente para adquirir jurisdicción sobre ella. Sin embargo, la mejor práctica es incluir a ambos como medida cautelar ante la eventualidad de que surja un conflicto de intereses. *Pauneto v. Núñez*, supra.

■ Ahora bien, a tenor con las normas procesales antes expuestas, cuando en un pleito se demanda a ambos cónyuges y a la sociedad de bienes gananciales, para que el tribunal *adquiera jurisdicción sobre todos*, es necesario que se *emplace a todos*. El hecho de que se haya emplazado a uno o a ambos cónyuges no significa que automáticamente la sociedad de bienes gananciales haya quedado emplazada. Hay que tener presente que los tres (3) tienen

personalidad jurídica propia e independiente. Para que la sociedad de bienes gananciales quede emplazada, del emplazamiento tiene que surgir que éste va dirigido a ella por conducto de uno o ambos cónyuges.

En el caso de autos, del emplazamiento y su diligenciamiento surge con meridiana claridad que éste iba dirigido a traer ante el tribunal al codemandado Bonilla Vázquez. No se mencionó en parte alguna a la sociedad de bienes gananciales ni se aseveró que se le estaba emplazando por conducto de Bonilla Vázquez como su coadministrador. No se trajo ante el tribunal a dicha entidad. Erraron, pues, tanto el tribunal de instancia como el Tribunal de Circuito al determinar que la sociedad de bienes gananciales había sido debidamente emplazada por conducto de uno de sus coadministradores, Bonilla Vázquez.(³)

 Sin embargo, actuaron correctamente al determinar que Bonilla Vázquez no estaba autorizado para compa-

---

(³) El caso de autos es claramente distinguible del caso *Urbino v. San Juan Racing Assoc., Inc.*, 141 D.P.R. 210 (1996). En dicho caso uno de los cónyuges, el esposo, invocó la jurisdicción del tribunal mediante la presentación de una demanda de cuyas alegaciones se desprendía que la reclamación era una de naturaleza ganancial. Allí expresamos que "si *posteriormente se prueba*, ha de estimarse la acción a nombre de la sociedad legal de gananciales, sin que la omisión inicial de una alegación al respecto sea defectuosamente fatal". (Énfasis en el original.) Íd., pág. 215. Consideramos que estábamos "ante la presencia de un acto unilateral de uno de los cónyuges al amparo de su facultad de jure para administrar y representar judicialmente a la sociedad de gananciales". Íd., pág. 216. Como podrá observarse, en ese caso se trataba de una reclamación de un bien ganancial hecha por uno de los administradores de la sociedad de bienes gananciales donde de la demanda surgía con meridiana claridad qué era lo que se estaba reclamando y para quién.

De otra parte, en el caso de autos se trata de una *reclamación contra la sociedad legal de bienes gananciales, el esposo y la esposa*. O sea, se está reclamando contra los tres (3), los tres son demandados y el tribunal tiene que adquirir jurisdicción sobre los tres. Sólo se emplazó al esposo codemandado quien oportunamente solicitó la desestimación de la reclamación contra la sociedad de bienes gananciales por ésta no haber sido emplazada.

En el caso *Urbino v. San Juan Racing, Asoc., Inc.*, supra, fue uno de los administradores de la sociedad de bienes gananciales el que invocó la jurisdicción del tribunal para reclamar por dicha sociedad, sometiéndola así a su jurisdicción. En el caso ante nuestra consideración se pretende traer ante la jurisdicción del tribunal a la sociedad de bienes gananciales y al esposo mediante la utilización de un sólo emplazamiento en el cual ni siquiera se menciona dicha sociedad. Aquí no ha habido sumisión voluntaria y ni siquiera de las alegaciones de la demanda surge una causa de acción contra la sociedad legal de bienes gananciales.

recer a nombre de su esposa "Jane Doe" y solicitar la desestimación de la reclamación en contra de ésta.

Por las razones antes expuestas, *procede expedir el recurso solicitado, revocar la resolución del Tribunal de Circuito mediante la cual éste se negó a expedir el recurso de "certiorari" presentado, y devolver el caso al Tribunal de Circuito para que continúen los procedimientos de forma compatible con lo aquí resuelto.*

*Se emitirá la correspondiente sentencia.*

El Juez Asociado Señor Fuster Berlingeri disintió con una opinión escrita. El Juez Asociado Señor Corrada Del Río disintió sin opinión escrita. El Juez Asociado Señor Rivera Pérez no intervino.

— O —

Opinión disidente emitida por el Juez Asociado Señor Fuster Berlingeri.

Debo disentir en el caso de autos del dictamen de la mayoría del Tribunal formulado en una opinión *per curiam*, por entender que es contrario a normas bien establecidas de nuestro ordenamiento jurídico.

En *Pauneto v. Núñez*, 115 D.P.R. 591, 594 (1984), resolvimos que con el emplazamiento de uno solo de los coadministradores de una sociedad legal de gananciales se adquiere jurisdicción sobre dicha sociedad si ésta fue expresamente demandada y emplazada. El emplazamiento de la sociedad de gananciales por conducto de uno solo de los coadministradores de dicha sociedad es, pues, suficiente para adquirir jurisdicción sobre ella.

En el caso de autos, la parte demandante incluyó expresamente como demandados, no sólo al señor Bonilla Vázquez sino, además, a su esposa JaneDoe, cuya identidad particular desconocía, *y a la sociedad legal de gananciales integrada por ambos.* Sus alegaciones, pues, van dirigidas

expresamente, no sólo contra ambos cónyuges, sino también de modo claro contra la sociedad legal de gananciales que éstos tenían constituida.

Es cierto que no se especificó en la demanda que la acción contra Bonilla Vázquez se incoaba tanto en su carácter personal como en su carácter de representante de la sociedad de gananciales; pero ello estaba implícito. No es difícil entender que el carácter y propósito de la demanda en cuestión era demandar a la sociedad por conducto de uno de sus coadministradores. En nuestra jurisdicción es asunto trillado ya que en las alegaciones sólo es necesario bosquejar la controversia a grandes rasgos. No se necesitan palabras sacramentales, ni formulaciones muy elaboradas para que las alegaciones sean suficientes. *Polanco v. Tribunal Superior*, 118 D.P.R. 350, 358–359 (1987); *Vélez Toro v. Látimer*, 125 D.P.R. 109 (1990).

El dictamen de la Mayoría en el caso de autos nos revierte a las épocas del rigorismo formalista, que es tan contrario al sentido y propósito de nuestro ordenamiento civil procesal vigente. En dicho dictamen tampoco se pondera debidamente la imposibilidad de emplazar a Jane Doe, una persona cuya identidad es desconocida. La mayoría del Tribunal impone aquí *la medida drástica* de desestimar la acción referida, a pesar de que todos los integrantes de la parte demandada quedaron debidamente apercibidos de la acción en su contra.

Es por ello que debo disentir del dictamen mayoritario en el caso de autos.