EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Héctor M. Torres Zayas, et als.<br><br>Recurrido<br><br>v.<br><br>Jesús M. Montano Gómez,<br>Miriam Valea Mier, et als.<br><br>Peticionaria | Certiorari<br><br>2017 TSPR 202<br><br>198 ____ |

Número del Caso: CC-2016-621

Fecha: 21 de diciembre de 2017

Región Judicial de San Juan

Abogado de la parte Peticionaria:

     Lcdo. Frank Dalmau Gómez

Abogados de la parte Recurrida:

     Lcdo. Carlos Raffucci Caro
     Lcdo. Harold Vicente Colón
     Lcda. Sheila Benabe González

Materia: Derecho Procesal Civil: Nulidad parcial de una sentencia dictada contra una sociedad legal de bienes gananciales al no emplazarse a ambos cónyuges, conforme lo requiere la Regla 4.4 de Procedimiento Civil.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Héctor M. Torres Zayas, *et als.*

    Recurrido

       v.                       Núm. CC-2016-621

Jesús M. Montano Gómez,
Miriam Valea Mier, *et als.*

    Peticionaria

Opinión del Tribunal emitida por el Juez Asociado señor COLÓN PÉREZ.

En San Juan, Puerto Rico, a 21 de diciembre de 2017.

En el presente caso tenemos la oportunidad de expresarnos, por primera vez, sobre la normativa vigente en nuestro ordenamiento jurídico, relacionada a los requisitos para un correcto emplazamiento a la Sociedad Legal de Bienes Gananciales y sus miembros, ello con posterioridad a la aprobación de las Reglas de Procedimiento Civil de 2009, *infra*. Veamos.

I.

Allá para el año 2010, el señor Héctor M. Torres Zayas, su esposa, la señora Natascha Del Valle Galarza, y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en adelante "el matrimonio Torres-Del

Valle") presentaron una demanda en cobro de dinero en contra del señor Jesús M. Montano Gómez, su esposa, "Fulana de Tal", y la Sociedad Legal de Bienes Gananciales compuesta por ambos. En esta, en esencia, el matrimonio Torres-Del Valle alegó haber suscrito un contrato titulado "*Acuerdo de Compraventa de Derechos y Acciones*" con el señor Montano Gómez, mediante el cual éste último se obligó a pagarle la cantidad de $700,000.00, más intereses al cinco por ciento (5%) anual, en un plazo vencedero el 31 de enero de 2009, ello por concepto de cierta transacción de compraventa de bienes muebles (acciones y derechos en ciertas sociedades anónimas constituidas en la República Dominicana). En su demanda, -- por considerarla una deuda líquida, vencida y exigible--, reclamaron el pago de la referida cantidad de dinero, los intereses que se acumularen hasta el pago total de la misma, más los honorarios de abogado.

Así las cosas, el 3 de agosto de 2010, el matrimonio Torres-Del Valle emplazó al señor Montano Gómez. **No obstante, nunca solicitaron que se expidiera un emplazamiento dirigido a la esposa del señor Montano Gómez, ni a la Sociedad Legal de Bienes Gananciales compuesta por ambos, ello a pesar de que éstos también habían sido demandados.**

Oportunamente, el señor Montano Gómez presentó su contestación a la demanda y una reconvención. En la misma, solicitó la resolución del mencionado contrato, daños y

perjuicios, así como la devolución de la suma de $3,000,000.00 pagados a favor del matrimonio Torres-Del Valle, toda vez que, alegadamente, se cumplieron con las condiciones resolutorias provistas en el mismo. Por su parte, el matrimonio Torres-Del Valle presentó su réplica a la reconvención y levantó varias defensas afirmativas.

Luego de varios incidentes procesales no necesarios aquí pormenorizar, el Tribunal de Primera Instancia dictó Sentencia. **Al así hacerlo, declaró *con lugar* la demanda presentada por el matrimonio Torres-Del Valle y, en consecuencia, ordenó *"a la parte demandada"* -- entiéndase el señor Montano Gómez, su esposa "Fulana de Tal" y la Sociedad Legal de Bienes Gananciales compuesta por ambos --, a satisfacer la suma de $700,000.00 por concepto de principal adeudado, los intereses que se hayan acumulado hasta el saldo total de la deuda, más los correspondientes intereses legales.**[1] La referida Sentencia advino final y firme.

Siendo ello así, el matrimonio Torres-Del Valle presentó una *"Moción de Ejecución de Sentencia"* en la cual solicitó que el foro primario ordenara la expedición del correspondiente mandamiento para que se procediera a ejecutar cualesquiera bienes disponibles de la "parte demandada" que pudiesen responder por la cantidad

---

[1] En el epígrafe de la Sentencia aparecen, como parte demandada, *"Jesús M. Montano, su esposa Fulana de Tal y la sociedad legal de gananciales constituida por abmos* [sic]*".*

adeudada. En dicha moción, y de forma expresa, se incluyó como partes al señor Montano Gómez, **a su esposa Miriam Valea Mier** y a la Sociedad Legal de Bienes Gananciales compuesta por ambos.

Enterada de ello, la señora Miriam Valea Mier acudió al Tribunal de Primera Instancia mediante una *Comparecencia Especial y Solicitud de Remedio.* En la misma, solicitó que se decretara la nulidad de la sentencia dictada en el presente caso, sobre la cual precisaba la mencionada solicitud de ejecución, toda vez que ella nunca fue emplazada.

En oposición, el matrimonio Torres-Del Valle aceptó no haber emplazado a la señora Valea Mier, a pesar de ésta haber sido identificada como "Fulana de Tal" en la demanda presentada. No obstante, alegó que el presente pleito pudo haberse presentado sin incluir a la señora Valea Mier, por esta no ser parte indispensable. En vista de ello, éstos sostienen la validez de la sentencia emitida por el Tribunal de Primera Instancia en contra del señor Montano Gómez.[2]

Evaluados los planteamientos de las partes, y en atención a la *Comparecencia Especial y en Solicitud de Remedio* presentada por la señora Valea Mier, el Tribunal de Primera Instancia emitió una *Resolución*. En la misma, en esencia, resolvió que la Sentencia era válida, pues la señora Valea Mier no era parte en este pleito, razón por

---

[2] Véase apéndice, págs. 38-43

la cual nunca fue emplazada. Al respecto, expresó el foro

primario:

> [...] Ciertamente no se sostiene en derecho el argumento de que una sentencia es nula por inadvertencias en cuanto a los nombres incluidos o no incluidos en el epígrafe. Por el contrario, tal y como sostiene la propia señora Valea [,] este Tribunal no le notificó la sentencia, pero ello no fue una omisión, sino que meramente respondió al hecho de que la sentencia no fue en contra de ella en su carácter individual, pues nunca se adquirió jurisdicción sobre ella [...] Nada sugiere que la sentencia incluye y es extensiva a la señora Valea.
>
> El Tribunal tiene la facultad de relevar a una parte de los efectos de una sentencia cuando se determine su nulidad [...]. [S]i una sentencia es nula, tiene que dejarse sin efecto independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado [...]. [E]n el caso de autos tan siquiera existe una posibilidad remota de que la señora Valea se vea afectada por la sentencia dictada [...] La presencia de la señora Valea en el pleito no era tan siquiera necesaria [...].

Insatisfecha con tal determinación, la señora Valea

Mier recurrió al Tribunal de Apelaciones. Allí, señaló

como error que el Tribunal de Primera Instancia validó una

sentencia nula dictada en su contra, toda vez que dicho

foro nunca adquirió jurisdicción sobre su persona, al no

haber sido emplazada, afectando con ello también los

bienes pertenecientes a la Sociedad Legal de Bienes

Gananciales. Oportunamente, el matrimonio Torres-Del Valle

presentó su alegato en oposición.

Examinadas las comparecencias de ambas partes, el

foro apelativo intermedio dictó Sentencia mediante la cual

**-- sin expresarse sobre el señalamiento de la señora Valea**

**Mier, a los fines de que el foro de primera instancia no tenía jurisdicción sobre ella, toda vez que no fue debidamente emplazada, ni sobre la Sociedad Legal de Bienes Gananciales --** modificó, y así modificada, confirmó el dictamen emitido por el Tribunal de Primera Instancia. En síntesis, el Tribunal de Apelaciones meramente se limitó a concluir que la inclusión en la moción de ejecución de sentencia al señor Montano Gómez, junto a la señora Valea Mier y la Sociedad Legal de Bienes Gananciales, constituyó una acumulación indebida de partes en el procedimiento post sentencia. Así pues, al amparo de la Regla 18 de las de Procedimiento Civil, 32 LPRA, Ap. V, R. 18, el Tribunal de Apelaciones modificó la Sentencia recurrida a los fines de que se eliminara a la señora Vela Mier como parte en el epígrafe y no figurara como tal en ningún procedimiento post sentencia. Nada dispuso dicho foro en cuanto al emplazamiento de la Sociedad Legal de Bienes Gananciales. Es decir, con su determinación, el foro apelativo intermedio sostuvo los efectos de la Sentencia en cuanto al señor Montano Gómez y la Sociedad Legal de Bienes Gananciales a la que pertenece.[3]

---

[3] El Juez Candelaria Rosa emitió un Voto Disidente por entender que, al no haberse emplazado a la señora Valea Mier, la sentencia dictada en su contra y en contra de la Sociedad Legal de Gananciales era nula. **Ello, toda vez que, a su juicio, nuestro ordenamiento jurídico requiere que para adquirir jurisdicción sobre la Sociedad Legal de Gananciales es preciso que se emplace a ambos cónyuges.**

Oportunamente, la señora Valea Mier solicitó reconsideración del dictamen. Dicha solicitud fue denegada.[4]

Inconforme con tal proceder, la señora Valea Mier acude ante nos y señala que el Tribunal de Apelaciones erró al confirmar una sentencia que, a su juicio, debe ser nula por ésta no haber sido emplazada en el pleito ante nos. Asimismo, señala la señora Valea Mier que la Sociedad Legal de Bienes Gananciales tampoco fue emplazada a tenor con la Regla 4.4 (e) de las de Procedimiento Civil, 32 LPRA, Ap. V, R. 4.4. A dicha solicitud, el matrimonio Torres-Del Valle se opuso.

Trabada la controversia, y con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

II.

Sabido es que la Sociedad Legal de Bienes Gananciales es el régimen económico que habitualmente regula la institución del matrimonio en Puerto Rico. *SLG Báez-Casanova v. Fernández*, 193 DPR 192 (2015); *Montalván v. Rodríguez*, 161 DPR 411, 420 (2004). Bajo este régimen, los cónyuges figuran como codueños y administradores de todo el patrimonio matrimonial sin adscribírsele cuotas específicas a cada uno. *SLG Báez-Casanova v. Fernández, supra; Roselló Puig v. Rodríguez Cruz*, 183 DPR 81, 93

---

[4] El Juez Candelaria Rosa hubiese reconsiderado.

(2011); *Montalván v. Rodríguez, supra.* Es decir, "*la masa ganancial está compuesta por bienes y derechos, que[,] estando directa e inmediatamente afectos al levantamiento de las cargas familiares, son de titularidad conjunta de los cónyuges sin especial atribución de cuotas*". Joaquín J. Rams Albesa, *La Sociedad de Gananciales,* Madrid, Ed. Tecnos, S.A., 1992, pág. 28.

Por su naturaleza, la Sociedad Legal de Bienes Gananciales se trata de una entidad con personalidad jurídica propia y separada de los dos miembros que la componen. *SLG Báez-Casanova v. Fernández, supra; Pauneto v. Núñez,* 115 DPR 591, 594 (1984); *Int'l Charter Mortgage Corp. v. Registrador,* 110 DPR 863 (1981). La misma "*no absorbe la personalidad individual de los cónyuges que la integran*". *Pagán Rodríguez v. Registradora,* 177 DPR 522, 542 (2009)*; Vega v. Bonilla,* 153 DPR 588, 592 (2001); *Ríos Román v. Cacho Cacho,* 130 DPR 817, 822 (1992). Cónsono con ello, históricamente, la figura de la Sociedad Legal de Bienes Gananciales se ha tratado como una entidad económica familiar *sui generis* que no tiene el mismo grado de personalidad jurídica que las sociedades ordinarias o entidades corporativas. *Muñiz Noriega v. Muñoz Bonet,* 177 DPR 967, 978 (2010); *Reyes Castillo v. Cantera Ramos,* 139 DPR 925, 928 (1996), *Int'l Charter Mortgage Corp. v. Registrador, supra.*

De otra parte, y en lo que a la administración de la Sociedad Legal de Bienes Gananciales se refiere, nuestro

Código Civil sentencia que, bajo dicho régimen, y salvo estipulación en contrario, "*ambos cónyuges serán los administradores de los bienes de la sociedad conyugal*". Art.91 del Código Civil, 31 LPRA sec. 284. Además, se añade en el referido cuerpo normativo que "*cualquiera de los cónyuges podrá representar legalmente a la sociedad conyugal*". Art. 93 del Código Civil, 31 LPRA sec. 286. Es decir, ambos cónyuges son administradores de la sociedad de bienes gananciales con capacidad para representarla. *Bidot v. Urbino, 158 DPR 294 (2002); Blas v. Hospital Guadalupe, 146* DPR 267 (1998); *Urbino v. San Juan Racing Assoc. Inc,* 141 DPR 210 (1996).

III.

A.

Establecido lo anterior, y en consideración de la presente controversia, resulta imperativo mencionar que el emplazamiento es el mecanismo procesal que permite al Tribunal adquirir jurisdicción sobre el demandado, a fin de que éste quede obligado por el dictamen que, en su día, emita el foro judicial. *Cirino González v. Adm. Corrección*, 190 DPR 14, 30 (2014); *Banco Popular v. S.L.G. Negrón*, 164 DPR 855 (2005), a la pág. 863; *Márquez v. Barreto,* 143 DPR 137, 142 (1997). Dicho mecanismo procesal es parte esencial del debido proceso de ley, pues su propósito principal es notificar a la parte demandada que existe una acción judicial en su contra. De esta manera, la parte puede comparecer en el procedimiento, ser oído y

presentar prueba a su favor. *Banco Popular v. S.L.G. Negrón, supra; Global v. Salaam,* 164 DPR 474, 480 (2005); *Datiz v. Hospital Episcopal,* 163 DPR 10, 15 (2004); *Medina Garay v. Medina Garay,* 161 DPR 806 (2004). Por lo tanto, su adulteración constituye una flagrante violación al trato justo. *Lucero v. San Juan Star*, 159 DPR 494, 507 (2003); *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 22 (1993).

**Conforme a lo anterior, no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal.** *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854 (2015), *Medina Garay v. Medina Garay*, *supra; Acosta v. ABC*, 142 DPR 927 (1997).

En nuestro ordenamiento jurídico, la figura del emplazamiento está regulada por la Regla 4 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4. En particular, dicho precepto legal dispone que una parte que interese demandar a otra deberá presentar el formulario de emplazamiento conjuntamente con la demanda, para su expedición inmediata por el Secretario o Secretaria del Tribunal. Regla 4.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4.1. Expedido el emplazamiento, la parte que solicita el mismo cuenta con un término de ciento veinte (120) días para poder diligenciarlo. Lo anterior, a partir del momento en que se presenta la demanda o de la fecha de

expedición del emplazamiento por edicto. Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c). En caso de que transcurra el referido término de ciento veinte (120) días y este no se diligencie, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio del caso ante su consideración. *Íd.*

Al respecto, este Tribunal ha expresado que los requisitos que dispone la regla de emplazamiento son de estricto cumplimiento. *Quiñones Román v. Cía. ABC, 152 DPR 367,* 374-375 (2000); First *Bank of P.R. v. Inmob. Nac., Inc.,* 144 D.P.R. 901 (1998); *Rodríguez v. Nasrallah,* 118 DPR 93 (1986). Ello, pues, "*el emplazamiento es un trámite medular para el cumplimiento con el debido procedimiento de ley de un demandado y afecta directamente la jurisdicción del tribunal*". *Rivera v. Jaume,* 157 DPR 562, 579 (2002).

Recordemos que las normas sobre el emplazamiento "*son de carácter impositivo, de las cuales no se puede dispensar. La razón de esta rigurosidad es que el emplazamiento se mueve dentro del campo del Derecho Constitucional y más específicamente dentro del derecho del demandado a ser oído y notificado de cualquier reclamación en su contra*". R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil,* 6ta ed., LexisNexis, 2017, pág. 257.

En ese sentido, es menester señalar que la falta de un correcto emplazamiento a la parte contra la cual un

Tribunal dicta sentencia, "*produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado […]*". *Lonzo Llanos v. Banco de la Vivienda*, 133 DPR 509, 512 (1993); *Reyes v. Oriental Fed. Savs. Bank*, *supra*, en la pág. 21. Dicho de otro modo, "[*t*]*oda sentencia dictada contra un demandado que no ha sido emplazado o notificado conforme a derecho es inválida y no puede ser ejecutada. Se trata de un caso de nulidad radical por imperativo constitucional*". (Citas internas omitidas). J. Echevarría Vargas, *Procedimiento Civil Puertorriqueño,* 2012, pág. 56. *Véase*, además, *Rivera Hernández v. Comtec Comm.*, 171 DPR 695, 714 (2007); *Medina Garay v. Medina Garay*, *supra*, en la pág.823; *Acosta v. ABC, Inc., supra*, en la pág. 931.

B.

En cuanto al emplazamiento de la Sociedad Legal de Bienes Gananciales -- y previo a la aprobación de las Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V, entiéndase, las reglas vigentes--, este Tribunal había expresado que para que ésta quedara correctamente emplazada, debía surgir, -- de un análisis en conjunto del emplazamiento, su diligenciamiento y la demanda -- que ésta había sido emplazada a través de uno de los cónyuges. *Doral Mortgage Corp. v González*, 158 DPR 311 (2002). *Véanse*, además, *Vega v. Bonilla*, *supra*; *Pauneto v. Núñez*, *supra*. Es decir, con sólo emplazar a uno de los cónyuges,

en representación de la Sociedad Legal de Bienes Gananciales, se entendía que se emplazaba a ésta.

Ahora bien, no empece a lo antes dispuesto, en reiteradas ocasiones, este Tribunal expresó que la mejor práctica para emplazar a una Sociedad Legal de Bienes Gananciales, era incluyendo a ambos cónyuges, por sí y en representación de la Sociedad Legal de Bienes Gananciales, ello como medida cautelar ante la eventualidad de que surgiera un conflicto de intereses. *Bidot v. Urbino*, 158 DPR 294, 307 (2002); *Vega v. Bonilla*, *supra,* en la pág. 592; *Pauneto v. Núñez*, *supra*, en la pág. 594. Dicho llamado, realizado por el Tribunal a través de la jurisprudencia antes mencionada, fue posteriormente acogido en nuestro ordenamiento jurídico con la aprobación de las Reglas de Procedimiento Civil de 2009, *supra*, las cuales incluyeron cambios en cuanto a la normativa procesal del emplazamiento.

En lo pertinente al caso que nos ocupa, la Regla 4.4 de las de Procedimiento Civil de 2009, *supra*, dispone que:

> El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega. El diligenciamiento se hará de la manera siguiente.
>
> (a) A una persona mayor de edad, entregando copia del emplazamiento y de la demanda a ella personalmente o a un agente autorizado o una

agente autorizada por ella o designada por ley
para recibir un emplazamiento.

[…]

(e) A una corporación, compañía, sociedad,
asociación o cualquier otra persona jurídica,
entregando copia del emplazamiento y de la
demanda a un o una oficial, gerente
administrativo, agente general o a cualquier
otro u otra agente autorizado o autorizada por
nombramiento o designado por ley para recibir
emplazamientos. **A la Sociedad Legal de
Gananciales se emplazará entregando copia del
emplazamiento y de la demanda a ambos cónyuges.**
(Énfasis suplido). Regla 4.4 de las de
Procedimiento Civil, 32 LPRA Ap. V, R. 4.4.

Conforme se desprende del *Informe de las Reglas de Procedimiento Civil de 2009*, preparado por el Secretariado de la Conferencia Judicial y Notarial, esta regla fue enmendada con el siguiente propósito:

[A]clarar la manera en que debe diligenciarse
el emplazamiento a una sociedad legal de bienes
gananciales. La enmienda adoptó la mejor
práctica, sugerida por el Tribunal Supremo en
Vega v. Bonilla [, 153 DPR 588 (2001)], de
notificar a ambos cónyuges de la reclamación
para evitar planteamientos de nulidad ante los
posibles conflictos de intereses entre los
cónyuges. Esta enmienda es cónsona con la
modificación realizada a la Regla 15.3.
Secretariado de la Conferencia Judicial y
Notarial, *Informe De Reglas De Procedimiento
Civil*, marzo 2008.

**Como se puede apreciar, la nueva regla –– sin dejar margen para una interpretación distinta –– expresamente dispone que cuando se vaya a demandar a la Sociedad Legal de Bienes Gananciales, se deberá hacer diligenciando el emplazamiento a ambos cónyuges, por sí y en representación de la Sociedad Legal de Bienes Gananciales compuesta por**

**ambos.**[5] Vemos, pues, que esta enmienda "*es de importancia y deja sin efecto la jurisprudencia anterior*". J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., Ed. JTS, 2011, T. I, Pág. 341. "*La misma es taxativa y no deja margen para revivir la antigua norma jurisdiccional*". J. Echevarría Vargas, *Procedimiento Civil Puertorriqueño,* 2012, pág. 56.

Es, precisamente, a la luz del marco teórico antes expuesto que procedemos a resolver la controversia ante nuestra consideración.

IV.

Como ya mencionamos, en el presente caso se presentó una demanda de cobro de dinero en contra del señor Montano Gómez, su esposa identificada como "Fulana de Tal", y la Sociedad Legal de Bienes Gananciales compuesta por ambos. En aras de concederle jurisdicción al foro primario para atender las controversias ante su consideración, la parte demandante, el matrimonio Torres-Del Valle, solicitó que se expidiera un emplazamiento a nombre del señor Montano Gómez por sí y en representación de la Sociedad Legal de Bienes Gananciales. **No obstante, nunca se expidió -- ni se solicitó que se expidiera -- un emplazamiento a nombre de**

---

[5] La práctica a seguir para un correcto emplazamiento de la Sociedad Legal de Bienes Gananciales es que, mediante dos emplazamientos, se emplace individualmente a cada uno de los cónyuges por sí y en representación de la sociedad legal de bienes gananciales que éstos constituyen. En ese sentido, huelga expedir un tercer emplazamiento dirigido exclusivamente a la Sociedad Legal de Bienes Gananciales.

Siendo ello así, basta con expedir un emplazamiento para "**(nombre del cónyuge A), por sí y en representación de la Sociedad Legal de Bienes Gananciales**", y uno para "**(nombre del cónyuge B), por sí y en representación de la Sociedad Legal de Bienes Gananciales**".

**la señora Valea Mier, esposa del señor Montano Gómez, ni de la Sociedad Legal de Bienes Gananciales.**

Así las cosas, luego de los trámites procesales de rigor, el Tribunal de Primera Instancia emitió una Sentencia en la que declaró *con lugar* la demanda incoada por el matrimonio Torres-Del Valle y, en su consecuencia, ordenó "*a la parte demandada*" -- entiéndase el señor Montano Gómez, su esposa identificada como "Fulana de Tal", y la Sociedad Legal de Gananciales compuesta por ambos --, entre otras cosas, a satisfacer la suma de $700,000.00 por concepto de principal adeudado, los intereses que se hayan acumulado hasta el saldo total de la deuda, más los intereses legales que correspondan por ley. Dicha sentencia advino final y firme.

Posteriormente, el señor Torres Zayas solicitó la ejecución de la referida sentencia. Oportunamente, la señora Valea Mier solicitó que el Tribunal de Primera Instancia declarase nula la sentencia dictada. En síntesis, alegó que la Sentencia la incluyó a ella como parte demandada sin esta haber sido debidamente emplazada y sin que el Tribunal de Primera Instancia hubiese adquirido jurisdicción de su persona. Luego de evaluar la comparecencia de ambas partes, el Tribunal de Primera Instancia declaró no ha lugar la referida solicitud.

Inconforme, la peticionaria acudió al Tribunal de Apelaciones. Como vimos, el foro apelativo intermedio modificó la sentencia del Tribunal de Primera Instancia a

los efectos de eliminar el nombre de la señora Valea Mier del epígrafe y, así modificada, confirmó la sentencia del foro primario en cuanto al señor Montano Gómez y la Sociedad Legal de Bienes Gananciales. Tanto el Tribunal de Primera Instancia, como el Tribunal de Apelaciones, erraron en su proceder. Nos explicamos.

Como señalamos anteriormente, la Sociedad Legal de Bienes Gananciales es una entidad jurídica separada e independiente de los cónyuges que la componen. Asimismo, la masa de bienes gananciales es una separada y distinta de aquella que le pertenece cada uno de sus dos miembros en capacidad individual.

Siendo ello así, cuando se intente demandar a una Sociedad Legal de Bienes Gananciales, la misma debe ser emplazada conforme a derecho, a saber: a través de ambos cónyuges. Así quedó claramente establecido con la adopción de las Reglas de Procedimiento Civil de 2009, *supra*. Tal adopción dejó sin efecto los pronunciamientos previos de esta Curia respecto a que, en ocasiones, con emplazar a uno solo de los miembros de la Sociedad Legal de Bienes Gananciales, se adquiría jurisdicción sobre esta última.

En fin, en lo que respecta al caso ante nos, el expediente muestra de forma inexorable -- y además fue reconocido por el propio Tribunal de Primera Instancia junto a ambas partes -- que la señora Valea Mier nunca fue emplazada. A causa de ello, la Sociedad Legal de Bienes Gananciales tampoco lo fue, ya que -- como hemos

mencionado -- para esta quedar debidamente emplazada se precisa el emplazamiento de ambos cónyuges. En consecuencia, es forzoso concluir que el foro recurrido nunca tuvo ni ejerció jurisdicción sobre la señora Valea Mier ni la Sociedad Legal de Bienes Gananciales que ella integra, por lo cual toda actuación y adjudicación efectuada en torno a ambas fue nula. Siendo ello así, el error señalado fue cometido.

## V.

Por los fundamentos antes expuestos, se revoca al Tribunal de Apelaciones y se declara nula la Sentencia del Tribunal de Primera Instancia en cuanto a lo dictado en contra de la señora Miriam Valea Mier y la Sociedad Legal de Bienes Gananciales a la que ésta pertenece. Se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos a tenor con lo aquí dispuesto.

Se dictará sentencia de conformidad.


                                        Ángel Colón Pérez
                                        Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Héctor M. Torres Zayas, *et als.*

    Recurrido

                     Núm. CC-2016-621
     v.

Jesús M. Montano Gómez,
Miriam Valea Mier, *et als.*

    Peticionaria

SENTENCIA

En San Juan, Puerto Rico, a 21 de diciembre de 2017.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca al Tribunal de Apelaciones y se declara nula la Sentencia del Tribunal de Primera Instancia en cuanto a lo dictado en contra de la señora Miriam Valea Mier y la Sociedad Legal de Bienes Gananciales a la que ésta pertenece. Se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos a tenor con lo aquí dispuesto.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo