Colón Birriel, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Edwin Francisco Morales Ojeda, María Eugenia Burgos Maldonado y la Sociedad Legal de Gananciales, por ambos compuesta (en adelante "los peticionarios"), solicitan la revisión de una resolución emitida por el Tribunal de Primera Instancia, Subsección de . Distrito de Manatí, de 21 de julio de ,2000, que declaró "No Na Lugar" su solicitud a los fines de paralizar su desalojo de una propiedad ejecutada posteriormente, y subastada. Por lo cual,' presentan un recurso de "apelación" ante nuestra consideración.
La resolución de referencia no constituye una adjudicación final bajo la Regla 43.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. HI. En realidad constituye una resolución interlocutoria, cuya revisión debe hacerse bajo las normas y términos provistos para ello. First Federal Savings Bank v. Nazario, 138 D.P.R. 872 (1995). Habida cuenta que el recurso presentado es un certiorari y nó una apelación, como erróneamente lo identificara la parte peticionaria, así lo trataremos..
*767 A continuación, exponemos el trasfondo fáctico y procesal que motivó la presentación del presente recurso.
II
Los peticionarios tomaron al Citibank, N.A. (en adelante el "Citibank"), un préstamo con garantía hipotecaria, a fin de adquirir la propiedad objeto de controversia. Así pues, el 27 de agosto de 2000, el Citibank presentó una demanda de ejecución de hipoteca, por la vía ordinaria contra los peticionarios, Apelación, Demanda, a la pág. 1 del apéndice, alegando la falta del pago de las mensualidades vencidas desde el 1ro. de mayo de 1998. Expedidos los emplazamientos de rigor, el 22 de septiembre de 1999, Pedro Quiles Rosado, hijo del representante del Citibank, notificó personalmente al co-peticionario Edwin Francisco.Morales Ojeda y a la Sociedad de Gananciales compuesta con María Eugenia Burgos Maldonado, en C/3, # N-123, Urb. Villa Evangelina en Manatí, Puerto Rico, entregándole personalmente copia.de la demanda, presentada y copia del emplazamiento. Apelación, Emplazamiento, a las págs. 10-11 del apéndice. El emplazamiento en la persona de la co-peticionaria Marfa Eugenia Burgos Maldonado fue diligenciado por Pedro Quiles Rosado,, el 22 de septiembre de 1999, en la C/3, # N-123 en la Urbanización Villa Evangelina en Manatí, Puerto Rico. Apelación, Emplazamiento, a las págs. 8-9 del apéndice.
Conforme a lo cual, el 8 de diciembre de 1999, el Tribunal de Primera Instancia emitió la sentencia en rebeldía, pues los peticionarios nunca contestaron la demanda. Se les condenó al pago de la deuda reclamada, a saber: $24,961.52 más los intereses convenidos al 8 1/2% anual, más la sxnna de $307.04 por seguros hipotecarios y contra riesgos, $160.00 por cargos por demora y $2,658.50 para costas y honorarios de abogado. Se ordenó, además, la venta en pública subasta de la propiedad hipotecada y garantizada mediante pagaré, para satisfacer la deuda con el producto de la venta, otorgar la correspondiente escritura de venta judicial, la expedición del mandamiento de ejecución y la posterior inscripción en el Registro de la Propiedad. Apelación, Relación del Caso, Declaración de Hechos Probados y Conclusiones de Derecho, a las págs. 13-16 del apéndice.
El 30 de diciembre de 1999, Edwin F. Morales Ojeda (en adelante "Morales Ojeda") presentó, por derecho propio, una moción de relevo de sentencia, Alegato de la Parte Apelada, Moción Solicitando Relevo de Sentencia al Amparo de la Regla 49.2, Inciso 1, a la pág. 2 del apéndice, solicitud a la que se opuso el Citibank. Apelación, Oposición a Moción de Relevo de Sentencia y Solicitud de Eliminación, a la pág. 17 del apéndice. Por su parte, el tribunal pautó y celebró vista el 19 de enero de 2000, fecha en la que, alegadamente, Morales Ojeda solicitó tiempo para efectuar el pago de los atrasos, mas no cumplió con el pago. El tribunal dictó la orden de ejecución de la propiedad, el correspondiente Mandamiento al Alguacil y Aviso de Subasta (a ser celebrada el 31 de mayo de 2000).
Conforme surge del acta de subasta, la buena pro fue adjudicada a Luis Guillermo Román Torres, Apelación, Acta de Subasta, a las págs. 13-16 del apéndice, el 31 de mayo de 2000, por la suma de $32,520.00. Ello produjo la solicitud del Citibank para el retiro de los fondos consignados, el 1ro. de junio de 2000, y, posteriormente, una "Moción Urgente Asumiendo Representación Legal, Oposición a Moción de Retiro de Fondos y Solicitando la Paralización del Desalojo" por parte de los peticionarios. Apelación, a la pág. 19 del apéndice.
Por "Orden" del 19 de junio de 2000, el tribunal acogió la moción de que se hace mención en el párrafo precedente, a los efectos de prorrogar el desalojo y retiro de fondos para que, dentro del término de diez (10) días, los peticionarios (entre ellos, María E. Burgos Maldonado -sin someterse a la jurisdicción del tribunal) presentaran cualquier prueba y/o escrito en apoyo de sus alegaciones sobre la improcedencia del desalojo. El 10 de julio de 2000, los peticionarios presentaron un escrito en cumplimiento de la orden, el que no logró mover la discreción del tribunal. El 13 de julio de 2000, el foro recurrido declaró "Ha Lugar" la solicitud para el retiro de los fondos consignados en el tribunal, Alegato de la Parte Apelada, Orden, a la pág. 8 del apéndice, mientras que el 21 de julio de 2000, declaró "No Ha Lugar", a la solicitud para paralizar el desalojo ordenado. Apelación, Orden, a la pág. 50 del apéndice.
*768 Inconformes, los peticionarios solicitan nuestra intervención alegando la comisión de varios errores por el tribunal, a saber:

"A- Erró el Honorable Tribunal de Instancia al dictar sentencia y posteriormente dejar que se ejecutara una hipoteca, la cual gravaba una propiedad ganancial, cuando no existe otra sentencia contra la sociedad legal de gananciales y/o uno de los miembros que la compone.

B- Erró el Honorable Tribunal de Instancia al determinar que tenía jurisdicción sobre la persona de la apelante, María Eugenia Burgos Maldonado.

C- Erró el Honorable Tribunal de Instancia al permitir la publicación del aviso de venta pública en craso incumplimiento con la Regla 51.8 de las de Procedimiento Civil.

D- Erró el Honorable Tribunal de Instancia al no declarar nula la subasta, toda vez que el licitador favorecido no ha pagado el importe de la adjudicación. Por tanto, tampoco procede el retiro de fondos solicitado por dicho licitador.

E- Erró el Honorable Tribunal de Instancia al permitir emplazamientos diligenciados por parte interesada.

F- Erró el Honorable Tribunal de Instancia al no declarar nula la subasta, ya que el acta de subasta no refleja la realidad de lo ocurrido.

G- Erró el Honorable Tribunal de Instancia al no celebrar una vista sobre el relevo de sentencia solicitado."

ni
En el primero de los errores, los peticionarios aducen la inexistencia de una sentencia válida contra María Eugenia Burgos Maldonado (en adelante "María"), integrante de la Sociedad Legal de Gananciales constituida por ella y su esposo Morales Ojeda. Alegan que toda vez que la propiedad objeto de la subasta fue adquirida vigente el matrimonio habido entre ellos, era una propiedad ganancial; que para la celebración de una venta judicial válida debía, cuando menos, existir una sentencia que incluyera a María y a la Sociedad Legal de Gananciales. Que no existiendo una sentencia en contra de la Sociedad Legal de Gananciales y ella (María), no podía ser ejecutado y subastado el bien inmueble objeto de la presente apelación.
Del examen de la sentencia emitida, Apelación, Relación del Caso, Declaración de Hechos Probados y Conclusiones de Derecho, a la pág. 13 del apéndice, claramente surge que la Sociedad Legal de Gananciales que componen los peticionarios entre sí, fue incluida en los procedimientos celebrados ante el foro recurrido. Cuando el acreedor hipotecario procedió a reclamar su acreencia, dirigió su pretensión no sólo contra Morales Ojeda y su esposa María, sino también contra la Sociedad Legal de Gananciales constituida por ambos. Así pues, se hizo constar en el epígrafe de la reclamación de autos (Apelación, Demanda, a la pág. 1 del apéndice), y en el diligenciamiento del emplazamiento expedido a nombre de Morales Ojeda y la Sociedad Legal de Gananciales compuesta con María (Apelación, Emplazamiento, a la pág. 10 del apéndice). No hay duda en cuanto a que Citibank, N.A. cumplió con los rigores de la ley al presentar un reclamo para hacer efectiva su acreencia de los bienes gananciales pertenecientes a la Sociedad Legal de Gananciales de los peticionarios. Pauneto Rivera v. Núñez Borges, 115 D.P.R. 591, 594 (1984).
Aún cuando en la parte dispositiva de la sentencia, el tribunal declaró "con lugar la demanda y en su consecuencia, condenjó] a la [parte] demandada EDWIN FRANCISCO MORALES OJEDA, a pagar al demandante...", Apelación, Relación del Caso..., supra, a la pág. 15 del apéndice, no por ello debe entenderse que el referido dictamen no hubiere podido obligar a la Sociedad Legal de Gananciales constituida por éste y su esposa María. Como en el caso de autos, una omisión de dicha naturaleza constituye un error de forma, regulado por la Regla 49.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, que dispone, en lo pertinente: *769 "[djurante la tramitación de una apelación o revisión, podrán corregirse dichos errores antes de elevar el expediente al tribunal de apelaciones, y posteriormente, sólo podrán corregirse con permiso del tribunal de apelación." Sin embargo, conforme discutiremos en el siguiente señalamiento de error, la omisión de que hemos hecho mención no requiere ser corregida. De otro modo, en virtud de las disposiciones de los artículos 91 y 93 de nuestro Código Civil, según enmendados por la Ley Núm. 51 del 21 de mayo de 1976, 31 L.P.R.A. sees. 284 y 286, respectivamente, a ambos cónyuges se les reconoce la capacidad representativa de la sociedad conyugal y cualquier acto unilateral de uno de ellos obliga a la Sociedad Legal de Gananciales, por lo que dicho acto se presume válido, con todos sus efectos legales. Es por ello que, para adquirir jurisdicción sobre la Sociedad Legal de Gananciales, basta con emplazar a uno sólo de los cónyuges coadministradores de tal sociedad, aunque ello no constituye la mejor práctica. Pauneto v. Núñez, supra. Conforme surge de las constancias del expediente, ello fue lo que justamente sucedió en el recurso ante nuestra consideración. Morales Ojeda y la Sociedad Legal de Gananciales que éste debió representar fueron parte en los procedimientos celebrados en rebeldía ante el foro recurrido, toda vez que fueron válidamente emplazados. Dicho error no fue cometido.
En su segundo señalamiento, alegan los peticionario que el Tribunal de Primera Instancia erró al determinar que tenía jurisdicción sobre la persona de María. Ciertamente, Morales Ojeda fue debidamente emplazado por sí y en representación de la sociedad, el 22 de septiembre de 1999. Apelación, Emplazamiento, a las págs. 10-11, supra. Este compareció, además, al tribunal pro se.
Pro se: dicho que se encuentra sus orígenes en la palabra del latín, PER SE. Definido como "por Sí" o "por sí mismo". Rivera García, Ignacio, Diccionario de Términos Jurídicos, 2. Ed. Rev., a la pág. 424. Significado avalado por nuestro Tribunal Supremo, en Lizarribar v. Martínez Gelpí, 121 D.P.R. 770 (1988) (cuando un individuo acude por derecho propio en representación de sus intereses) y el Tribunal de Circuito de Apelaciones, en López Rivera v. Junta de Libertad Bajo Palabra, KLRA-1999-00755 (cuando una persona no cuenta con representación legal).
Es decir, Morales Ojeda no estaba autorizado a comparecer al tribunal en representación de María, como tampoco estaba autorizado a recibir el emplazamiento de ésta. No obstante, ¿fue emplazada María conforme a los procedimientos, adquiriendo así el foro recurrido jurisdicción sobre su persona? Si la contestación a esa interrogante es en la afirmativa, ¿estamos ante un dictamen final, firme y ejecutable? Veamos.
Pedro Quiles Rosado, persona que diligenció los dos (2) emplazamientos el 22 de septiembre de 1999, expresó bajo juramento, al dorso de éstos, que recibió los mismos el 30 de agosto de 1999, notificando personalmente a María con copia de la demanda presentada y del emplazamiento. Igualmente notificó personalmente a Morales Ojeda con copia de la demanda y del emplazamiento de Edwin Francisco Morales Ojeda y de la Sociedad de Gananciales compuesta con María Eugenia Burgos Maldonado. Ambos emplazamientos fueron servidos en la Calle 3 #123 en Villa Evangelina en Manatí, Puerto Rico. María, al igual que su esposo Morales Ojeda, no contestaron la demanda, por lo cual se les anotó la rebeldía. Posteriormente, el 8 de diciembre de 1999, se celebró vista en rebeldía, se declaró con lugar la demanda de ejecución de hipoteca y se condenó a los peticionarios como hemos informado. En la misma fecha en que se dictó sentencia, 8 de diciembre de 1999, se archivó en los autos copia de la notificación. Se notificó copia de la notificación y de la sentencia a Morales Ojeda y a María a la misma dirección donde fueron emplazados, es decir, en Urb. Villa Evangelina, Calle 3 N-123 en Manatí, Puerto Rico.
Así las cosas, Morales Ojeda solicitó, pro se, el 30 de diciembre de 1999, el relevo de la sentencia mediante escrito intitulado "Moción Solicitando Relevo de Sentencia al Amparo de la Regla 49.2, Inciso 1", escrito que acompañó con una contestación a la demanda. Es menester señalar que el escrito no se acompañó en el apéndice de los peticionarios. Este lo presentó el Citibank en su alegato. En los apartados tres (3) y cuatro (4) del referido escrito de relevo se consignó lo siguiente:

*770
"3. Que al ser notificada con copia de la demanda, la codemandada, María E. Burgos Maldonado se encontraba confrontando una situación crítica de salud, lo que requería de atención inmediata y el estado anímico de dicha parte, le impidió darle seguimiento a los trámites del presente? caso conforme lo requfere la Ley, por lo que no logra estar consciente de la necesidad de darle atención al asunto hasta que no es notificada con copia de la sentencia.

4. Que su incomparecencia en los autos de este caso, se debió principal y únicamente a la enfermedad que atravesaba al momento de ser notificada con copia de la demanda y concentró todo su esfuerzo en atender la misma; por lo tanto, la falta de diligencia puede ser considerada como un error, inadvertencia o negligencia excusable." Alegato Parte Apelada, Moción Solicitando Relevo..., a las págs. 2-5 del apéndice.
Así las cosas, el Citibank se opuso al relevo solicitado. Adujo, en lo pertinente, que Morales Ojeda no era abogado y carecía de legitimación para comparecer representando a María. No obstante, poder representarse así mismo, no podía representar a María, ni a la Sociedad Legal de Gananciales que componían. Solicitó se eliminara del récord el escrito y la contestación a la demanda que se acompañó al mismo. Alegó que la situación crítica de salud de María no se había sustentado por declaración jurada de ésta, ni de su médico. Apelación, Oposición a Moción de Relevo de Sentencia y Solicitud de Eliminación, a las págs. 17-18 del apéndice. Se infiere de lo informado por Morales Ojeda en su escrito que María sí fue notificada con copia de la demanda y del emplazamiento conforme al procedimiento. No obstante, en los autos no existe declaración jurada, escrito o documento alguno mediante los cuales se establezca una controversia respecto a si María fue o no emplazada. Los señalamientos respecto al diligenciamiento del emplazamiento en la persona de ésta se traen por primera vez a la atención del foro recurrido, en exceso de seis (6) meses, luego de dictada la sentencia y donde por primera vez los peticionarios comparecen con representación legal.
Concluimos en atención a lo expuesto, que el emplazamiento y la demanda fueron diligenciados en la persona de María conforme a las disposiciones de la Regla 4.4(a) de las de Procedimiento Civil, según enmendada. 32 L.P.R.A. Ap. m. Así pues, determinado que el foro recurrido adquirió jurisdicción sobre María, la "Sentencia" que declaró con lugar la demanda es completamente válida. Siendo ello así, actuó correctamente dicho foro al negarse a dejar sin efecto la sentencia en el caso de autos.
En atención a lo cual, se deniega la expedición del auto solicitado.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
Aida üeana Oquendo Graulau
Secretaria General