ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| RAÚL ORTIZ LEANDRY; ROL RECYCLING, INC.<br><br>DEMANDANTES<br><br>V.<br><br>JOSÉ DAVID RESTO LUYANDO; DIANA DE TAL y la Sociedad Legal de Gananciales compuesta por ambos; FICTICIO 1; ASEGURADORA 1; JD ELECTRIC, INC.<br><br>DEMANDADOS | KLAN202300776 | *Apelación*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Guayama |
|---|---|---|
| | | Civil Núm.: GM2020CV00265 (303) |
| | | SOBRE: Incumplimiento de Contrato; Enriquecimiento Injusto |

Panel integrado por su presidente el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Salgado Schwarz, Carlos G., Juez Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 12 de abril de 2024.

Comparece ante nos el señor José David Resto Luyando (en adelante "Sr. Resto Luyando" o "Apelante"), quien nos solicita que revoquemos la Sentencia Enmendada dictada el 5 de julio de 2023 y la Resolución emitida el 2 de agosto de 2023, por el Tribunal de Primera Instancia (en adelante "TPI"), Sala Superior de Guayama. Mediante la Sentencia Enmendada, el TPI declaró CON LUGAR la Demanda y la Reconvención presentada y ordenó al demandado a pagar la suma de treinta y cuatro mil doscientos dólares ($34,200.00). Por su parte, mediante Resolución, el TPI declaró No Ha Lugar la Reconsideración presentada por el Apelante sobre Incumplimiento de Contrato y Daños y Perjuicios.

Con el beneficio de la comparecencia de ambas partes, procedemos a atender sus planteamientos.

Número Identificador

SEN2024_____

-I-

A continuación, exponemos los hechos pertinentes ante nuestra consideración.

Según surge de la Demanda presentada, entre el 26 de junio de 2012 y el 20 de marzo de 2015, los demandantes les compraron a los demandados diferentes equipos, a saber: un *digger* John Deere 310 E, un *digger* John 301 G, un Skytrack Terragator IG, un camión de canasto International y un camión Ford. Todo por la cantidad de $35,000.00. Así las cosas, el señor Raúl Ortíz Leandry, demandante, (en adelante "Sr. Ortíz Leandry" o "Apelado") intentó registrar dos de los camiones, sin embargo, no tuvo éxito, toda vez que fue informado de que los vehículos tenían un embargo registrado en el Departamento de Hacienda.

Según alega el Sr. Ortíz Leandry, en mayo de 2018, este acordó con el Sr. Resto Luyando el arrendamiento del *digger* 310 G[1] por $1,900.00 mensuales[2]. Al segundo mes, cuando el Sr. Ortíz Leandry le hace el acercamiento al Apelante para que le pague el canon de arrendamiento, este le indica que no lo hará y que se va a quedar con el *digger* porque el Sr. Ortíz Leandry le debe dinero.[3] A raíz de lo anterior, el aquí Apelado presentó una querella en el cuartel de la policía.[4] Cabe señalar que, según surge de los autos del caso, el Apelado le adeudaba una cantidad de dinero al Apelante en concepto de compra de equipo, trabajo de construcción del proyecto "G" en Guayama y nómina pendiente de pago del proyecto de limpieza de carreteras por motivo del paso del Huracán

---

[1] Véase *Exposición Narrativa de la Prueba Estipulada*, 13 de noviembre de 2023, a las págs. 3 y 10.
[2] *Íd.*, a la pág. 4.
[3] *Íd.*
[4] *Íd.*

María.[5] El Apelado alega que el acuerdo consistió en que él le pagaría la suma de $10,000.00 y el Apelante le entregaría el *digger* arrendado.[6] Dicho acuerdo nunca se concretó, debido a que el Apelante no estuvo de acuerdo con los términos del contrato.[7]

Por otro lado, según el testimonio del Sr. Resto Luyando, este indicó lo siguiente:

- En el año 2015 le vendió al Sr. Ortíz Leandry un *digger* 310 E, un *digger* Deere 301 G, un skytrack terragator IG, un camión de cemento International y un camión Ford. Todo por la cantidad de $35,000.00.[8]

- Tenía una deuda con el Departamento de Hacienda, por lo tanto, para poder mover los camiones utilizaba un permiso que le concedía el Departamento de Transportación y Obras Públicas (DTOP) por un término de tres (3) días.[9]

- El Sr. Ortíz Leandry tenía conocimiento de que, al menos, uno de los camiones tenía dicho gravamen.[10]

- Durante los años 2016, 2017 y 2018 el Apelante trabajó con el Sr. Ortíz Leandry y alega que este nunca se quejó sobre los gravámenes en cuestión.[11]

- En el 2018 lo contactaron para llevar a cabo un trabajo en el que necesitaría un *digger*. A raíz de lo anterior, el Apelante se comunicó con el Sr. Ortíz Leandry a fin de que este le alquilara uno de los *diggers* que le había vendido años atrás. El alquiler

---

[5] Véase Anejo I del *Alegato Complementario*.
[6] Véase *Exposición Narrativa de la Prueba Estipulada*, 13 de noviembre de 2023, a la pág. 6.
[7] *Íd.*, a la pág. 24.
[8] *Íd.*, a la pág. 16.
[9] *Íd.*
[10] *Íd.*
[11] *Íd.*, a las págs. 17-18.

sería por el término de treinta (30) días, a un precio de $1,900.00.[12]

- El precio pactado sería abonado a la deuda que tenía el Sr. Ortíz Leandry sobre los equipos que había comprado años atrás[13]. La deuda ascendía a $23,400.00.[14]

- Cuando el Apelante fue a buscar el *digger*, el Sr. Ortíz Leandry le indicó que estaba atravesando por una situación de salud, por lo que necesitaba que le pagara los $1,900.00 (en lugar de acreditárselos a la deuda). El Apelante accedió y le hizo entrega de los $1,900.00 al Sr. Artemio Torres representante del Sr. Ortíz Leandry, dado que este se encontraba fuera de Puerto Rico.[15]

- Así las cosas, el Sr. Ortíz Leandry le preguntó al Apelante que cuándo le devolvería el *digger*, a lo que este contestó que tenía necesidad de dinero y quería que Ortíz Leandry le pagara.[16]

- El Sr. Ortíz Leandry le indicó al Apelante que él no le debía nada. A raíz de lo anterior, el Apelante expresó que él tampoco le debe.[17]

- Tiempo después, el Sr. Ortíz Leandry le indicó al Apelante que si no le hacía entrega del *digger* "[…] *lo metería preso* […]".[18]

- Al día siguiente, el agente William Rivera citó al Apelante al cuartel y las partes intentaron llegar a un acuerdo de pago de deuda. Mediante el referido

---

[12] *Íd.*, a la pág. 18.
[13] *Íd.*
[14] Véase Apéndice del recurso, a la pág. 32.
[15] Véase *Exposición Narrativa de la Prueba Estipulada*, 13 de noviembre de 2023, a la pág. 18.
[16] *Íd.*, a la pág. 19.
[17] *Íd.*
[18] *Íd.*

acuerdo, el Sr. Ortíz Leandry se comprometía con el Apelante a pagarle la cantidad de $10,000.00 en concepto de las deudas a favor de este último.[19]

- El acuerdo no se formalizó, toda vez que el Apelante no estuvo de acuerdo con los términos propuestos por el Sr. Ortíz Leandry.[20]

Así las cosas, el 3 de junio de 2020 la parte demandante presentó una *Demanda*[21] por incumplimiento de contrato y daños y perjuicios contra los demandados José David Resto Luyando, Diana de Tal, la Sociedad Legal de Gananciales compuesta por ambos, JD Electric, Inc. y entidades ficticias. El 1ro de septiembre de 2020 la parte demandada presentó su *Contestación a Demanda y Reconvención*[22].

Según surge de la *Sentencia Enmendada*, el 8 de septiembre de 2020 la parte demandante presentó su *Réplica a Reconvención* negando las alegaciones realizadas por la parte demandada. Tiempo después, el 14 de diciembre de 2020 la parte demandante presentó una *Demanda Enmendada* reclamando la suma de veinticinco mil dólares ($25,000.00) como consecuencia de la venta del *digger* por parte del Apelante.

Luego de celebrado el juicio en su fondo, el Tribunal de Primera Instancia (en adelante "TPI"), Sala Superior de Guayama, emitió una *Sentencia*[23] el 9 de enero de 2023 mediante la cual declaró CON LUGAR la Demanda y ordenó al demandado a pagar la suma de $34,200.00 al demandante. Sin embargo, el 5 de julio de 2023, el TPI

---

[19] *Íd.*
[20] *Íd.*, a las págs. 19-20.
[21] Véase Apéndice VI del recurso, a las págs. 21-28.
[22] Véase Apéndice VII del recurso, a las págs. 25-28.
[23] Véase Exhibit 1 de la *Oposición a Alegato*, a las págs. 1-9.

emitió una *Sentencia Enmendada*[24] a fin de disponer sobre la *Reconvención*, la cual fue declarada CON LUGAR.

Inconforme con la determinación del foro primario, el 1ro de septiembre de 2023 el Sr. Resto Luyando apeló la decisión ante este Tribunal. A fin de destacar algunas porciones de la prueba oral, el 11 de diciembre de 2023, el Apelante presentó un *Alegato Suplementario*.

En su escrito, el Apelante hizo constar los siguientes señalamientos de error:

> **PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL IMPONERLE RESPONSABILIDAD SOLIDARIA A LA SOCIEDAD DE GANANCIALES, SIN TENER APOYO EN LA PRUEBA TESTIFICAL O DOCUMENTAL.**
>
> **SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE EL CONTRATO VERBAL DE ARRENDAMIENTO CONTINUÓ VIGENTE AUN CUANDO EL DEMANDADO NEGÓ LA EXISTENCIA DE ESA DEUDA Y RETUVO EL DIGGER 310 G COMO AMORTIZACIÓN DE LAS CUANTÍAS DE DINERO QUE LE ADEUDA EL DEMANDANTE.**
>
> **TERCER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE EL PRODUCTO DE LOS $12,000.00 POR LA VENTA DE DIGGER 310 G SE PAGUE AL DEMANDANTE EN LUGAR DE APLICARLO A LAS CUANTÍAS QUE EL DEMANDANTE ADEUDA AL DEMANDADO.**
>
> **CUARTO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA EN SU CÁLCULO MATEMÁTICO CUANDO APLICÓ LAS SUPUESTAS DEUDAS DEL DEMANDADO, AL DEMANDANTE. Y, ADEMÁS, CONCLUIR QUE EL DEMANDADO LE ADEUDA $34,200.00; SIENDO TODO LO CONTRARIO, EL DEMANDANTE LE ADEUDA AL DEMANDADO $11,400.00.**
>
> **QUINTO ERROR: INCIDIÓ MANIFIESTAMENTE EL TRIBUNAL DE PRIMERA INSTANCIA AL AQUILATAR LA PRUEBA TESTIFICAL Y DOCUMENTAL PROVOCANDO UN RESULTADO INJUSTO Y DESPROPORCIONADO.**

Así las cosas, el 24 de enero de 2024, los demandantes presentaron su *Oposición a Alegato*.

---

[24] Véase Apéndice I del recurso, a las págs. 1-9.

-II-

**A. Sociedad Legal de Bienes Gananciales**

La Sociedad Legal de Bienes Gananciales (en adelante "SLG") es el régimen económico que, habitualmente, regula la institución del matrimonio en Puerto Rico. Bajo este régimen, los cónyuges figuran como codueños y administradores de todo el patrimonio matrimonial sin adscribírsele cuotas específicas a cada uno.[25] Cabe señalar que la SLG es una entidad con personalidad jurídica propia y separada de los miembros que la componen.[26]

Ahora bien, cuando una parte interesa presentar una demanda contra dos personas casadas bajo el régimen de SLG, es indispensable que se le entregue copia del emplazamiento y de la demanda a ambos cónyuges.[27]

Por otro lado, el derogado Código Civil de 1930, aplicable a los hechos que nos ocupan, en su Artículo 1308[28] dispone lo siguiente:

> Serán de cargo de la sociedad de gananciales:
>
> **(1) Todas las deudas y obligaciones contraídas durante el matrimonio por cualquiera de los cónyuges.**
> (2) …
> (3) …
> (4) …
> (5) …
> (6) …

A pesar de lo anterior, la presunción de gananciabilidad no equivale a establecer la solidaridad entre la masa ganancial y las actuaciones y patrimonios respectivos de los cónyuges. Por tal razón, la presunción acepta prueba en contrario.[29] El Tribunal

---

[25] Véase *Torres Zayas v. Montano Gómez et als.* 199 DPR 458, 465 (2017).
[26] *Íd.*, a la pág. 466.
[27] 32 LPRA Ap. V, R. 4.4.
[28] 31 LPRA § 3661.
[29] Véase *Pauneto v. Núñez*, 115 DPR 591, 597 (1984).

Supremo de Puerto Rico ha señalado que "*no puede presumirse la responsabilidad solidaria de la sociedad de gananciales por una obligación asumida sólo por uno de los cónyuges.*"[30]

### B. Contratos

A fin de que un contrato tenga validez entre las partes, deben concurrir los siguientes elementos: <u>consentimiento</u> de los contratantes, <u>objeto</u> cierto que sea materia del contrato y la <u>causa</u> de la obligación.[31] En vista de lo anterior, los contratos verbales son válidos en nuestra jurisdicción.

El Artículo 1433 define el contrato de arrendamiento. A tales efectos, dispone que: "*[e]n el arrendamiento de cosas, una de las partes se obliga a dar a la otra el goce o uso de una cosa por tiempo determinado y precio cierto.*"[32] Ahora bien, en aquellos contratos de naturaleza verbal o que, sencillamente, los términos no son claros, es imprescindible acudir a evaluar la intención de las partes mediante los actos coetáneos y posteriores al contrato.[33]

### C. Facultad de Retención

La retención es la facultad otorgada por ley que autoriza al acreedor cuyo crédito es exigible, a conservar en su poder el bien mueble o inmueble debido hasta que el deudor le pague o le asegure lo que le debe.[34] Ahora bien, el retenedor debe cumplir con ciertas obligaciones. Sobre este particular el Artículo 1227 del nuevo Código Civil dispone:

> El retenedor no puede usar la cosa retenida. Está obligado a

---

[30] *Íd.*, a la pág. 592.
[31] 31 LPRA § 3391.
[32] 31 LPRA § 4012.
[33] 31 LPRA § 3472.
[34] 31 LPRA § 9641.

conservarla y a efectuar las mejoras necesarias a costa del deudor y a restituirla al concluir la retención. Si opta por percibir los frutos naturales de la cosa, el retenedor dará aviso al deudor. En este caso puede disponer de ellos e imputar su valor a los intereses del crédito, y queda obligado a rendir cuenta de los frutos percibidos al terminar la retención.[35]

-III-

Según los autos del caso, el contrato verbal de arrendamiento referente al *digger* 310 John Deere se efectuó en el año 2018. Es decir, estando vigente la SLG entre el Apelante y su esposa, la Sra. Diana Elizabeth Cabrera Varela (en adelante "Sra. Cabrera Varela").[36] Por lo tanto, según nuestro ordenamiento jurídico, la obligación del pago de los $1,900.00 por el arrendamiento del *digger* es una deuda que, como regla general, recae en la SLG. Ahora bien, el Tribunal Supremo de Puerto Rico ha sido enfático en que la presunción de ganancialidad no es sinónimo de solidaridad. Por lo tanto, nos corresponde evaluar el comportamiento de las partes durante el perfeccionamiento del contrato, a fin de poder determinar si en el caso de epígrafe la SLG es responsable solidariamente de la obligación que contrajo el Apelante. Veamos.

En mayo de 2018, el Apelante se comunicó con el Sr. Ortíz Leandry para que le alquilara el *digger* por la cantidad de $1,900.00. La comunicación fue exclusivamente entre el Apelante y el Apelado. La Sra. Cabrera Varela no estuvo involucrada en dicha gestión. No existe controversia entre las partes sobre este

---

[35] 31 LPRA § 9645.
[36] El Apelante contrajo matrimonio el 16 de septiembre de 2016. Véase *Exposición Narrativa de la Prueba Estipulada*, 13 de noviembre de 2023, a la pág. 16.

particular. Por lo tanto, no vemos razón alguna por la que la SLG y la Sra. Cabrera Varela sean solidariamente responsables por actuaciones que, evidentemente, no las vinculan con el acuerdo pactado. Inclusive, el Sr. Ortíz Leandry ni siquiera incluyó a la Sra. Cabrera Varela en la Demanda, por lo que la SLG no fue emplazada conforme a derecho.

Por los fundamentos antes esbozados, resolvemos que la SLG compuesta por el Sr. Resto Luyando y la Sra. Cabrera Varela, no es solidariamente responsable por las partidas económicas en controversia.

Nos corresponde ahora discutir los errores dos, tres, cuatro y cinco, lo cual haremos de manera conjunta debido a la relación que existe entre ellos. En mayo de 2018, el Sr. Ortíz Leandry y el Sr. Resto Luyando llegaron a un acuerdo verbal en el que el Apelante se comprometió a pagarle la suma de $1,900.00 a fin de obtener el *digger* 310 G en arrendamiento. Ahora bien, del contrato no surge claramente la fecha cierta hasta la cual el *digger* estaría arrendado. Por lo tanto, corresponde evaluar los actos coetáneos y posteriores al contrato. El Apelante pagó únicamente la suma correspondiente a un (1) mes de arrendamiento. Sin embargo, retuvo el *digger* bajo la premisa de que el Apelado le debía una suma de dinero. Posteriormente, el Apelante vendió el *digger* por la cantidad de $12,000.00. Si bien es cierto que el Apelante tenía derecho a retener el equipo, no lo hizo conforme dispone la legislación. Veamos.

El Apelante percibió los frutos del *digger* (el canon de arrendamiento), luego lo vendió sin autorización alguna y ahora procura que la cantidad

producto de la venta se le adjudique a la deuda que tiene el Sr. Ortíz Leandry a favor de él. No le asiste la razón. Según los actos posteriores al contrato, forzoso nos es concluir que el *digger* continuó arrendado durante todo el tiempo que permaneció bajo el control del Apelante, es decir, hasta el momento de la venta. Por lo tanto, corresponde determinar cuándo ocurrió la venta, de forma tal que se calcule el arrendamiento hasta ese momento, a razón de $1,900.00 mensuales, según acordaron las partes. A dicho total, se le suma la cantidad de $12,000.00 producto de la venta del *digger*. A este gran total, se le debe restar la suma de $23,400.00, cantidad que le adeuda el Sr. Ortíz Leandry al Apelante y que no está en disputa, según los autos del caso.

Por otro lado, esta Curia *confirma* la determinación del TPI en cuanto a que no concederá daños, en la medida en que hubo incumplimiento de ambas partes.

-IV-

Por los fundamentos antes esbozados, *modificamos* la Sentencia apelada a los fines de eximir de responsabilidad a la SLG y a la esposa del Apelante sobre la obligación que contrajo este con el Sr. Ortíz Leandry respecto al *digger* 310 G. Además, se modifica la Sentencia en lo referente al término del contrato de arrendamiento y las partidas que surgen del mismo y así modificada *confirmamos*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*