ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **ISLA VERDE MALL, S.E.**<br>DEMANDANTE(S)-APELANTE(S)<br><br><br>V.<br><br><br>**COFFEE CRAFTERS, LLC, ET AL.**<br>DEMANDADA(S)-APELADA(S) | **KLAN202400349** | *APELACIÓN*<br>procedente del Tribunal de Primera Instancia, Sala Superior de **CAROLINA**<br><br>Caso Núm.<br>**CA2023CV00216 (406)**<br><br>Sobre:<br>Desahucio; Cobro de Dinero |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 6 de mayo de 2025.

Comparece ante este Tribunal de Apelaciones, **ISLA VERDE MALL, S.E.** (**ISLA VERDE MALL**) mediante *Apelación* incoada el 10 de abril de 2024. En su escrito, nos solicita que revisemos la *Sentencia Sumaria Parcial* dictada el 12 de marzo de 2024 por el Tribunal de Primera Instancia (TPI), Sala Superior de Carolina.[1] En dicha decisión, el foro *a quo* decretó ha lugar una *Solicitud de Sentencia Sumaria* presentada el 19 de febrero de 2024 por la señora **DENNISSE REYES RODRÍGUEZ** y la **SOCIEDAD LEGAL DE GANANCIALES** compuesta por ella y **CARLOS MIGUEL PÉREZ COLÓN** y, por consiguiente, *desestimó* la *Demanda* en su contra.

Exponemos el trasfondo fáctico y procesal que acompañan a la presente controversia.

---

[1] Este dictamen judicial fue notificado y archivado en autos el 12 de marzo de 2024. Apéndice de la *Apelación*, pág. 1.

## - I -

El 24 de enero de 2023, **Isla Verde Mall** instó una *Demanda* sobre cobro de dinero y desahucio por la vía sumaria.[2] En dicha reclamación, arguyó que allá para el 23 de septiembre de 2021, **Isla Verde Mall** suscribió un contrato de arrendamiento intitulado *"Lease Agreement"* con **Coffee Crafters, LLC, (Coffee Crafters)**, como arrendatario, y el señor **Carlos Miguel Pérez Colón** (señor **Pérez Colón**), como garantizador personal, a razón de $3,833.33 mensuales y con un término de cinco (5) años.[3] Su vigencia comenzó el 1 de febrero de 2022. Ello concerniente a un local identificado con el número 101, con una cabida de 2,300 pies cuadrados, en el centro comercial **Isla Verde Mall** en el pueblo de Carolina. Sustancialmente, entre otras cosas, **Isla Verde Mall** expuso que **Coffee Crafters** y el señor **Pérez Colón** adeudan la cantidad de $42,476.55, más intereses, por concepto de cánones de arrendamiento mensual desde el 1 de marzo de 2022.

Así las cosas, el día 6 de febrero de 2023, el señor **Pérez Colón,** por sí y en representación de **Coffee Crafters,** presentó *Contestación Demanda y Reconvención*.[4] En resumidas cuentas, señaló que **Isla Verde Mall** es quien debe pagarle a **Coffee Crafters** la suma de $46,000.00 por todas las inversiones realizadas para la preparación del local.

En audiencia celebrada el 24 de febrero de 2023, se ordenó la continuación de los procedimientos por la vía ordinaria y concedió un término para que se enmendara la *Demanda* a los fines de incluir a la señora **Denisse Reyes Rodríguez** (señora **Reyes Rodríguez**) y la **Sociedad Legal de Gananciales (SLG)** compuesta por ambos.[5]

El 10 de marzo de 2023, **Isla Verde Mall** presentó la *Demanda Enmendada*.[6] En dicho documento, se incluyó a la señora **Reyes Rodríguez**

---

[2] Apéndice de la *Apelación*, págs. 290- 330.
[3] *Íd.*, págs. 293- 328.
[4] *Íd.*, págs. 278- 283.
[5] Apéndice de la *Apelación*, págs. 275- 276.
[6] *Íd.*, págs. 229- 274.

y **SLG;** se actualizó la deuda y se reclamó que **ISLA VERDE MALL** aportó $5,000.00 para gastos de mejoras del local (*Construction Allowance*); y daños.

El 12 de abril de 2023, el señor **PÉREZ COLÓN,** por sí y en representación de **COFFEE CRAFTERS,** presentó su *Contestación a Demanda Enmendada y Reconvención.*[7] Planteó que **ISLA VERDE MALL** se demoró en realizar unas modificaciones necesarias (conexiones de electricidad y acueductos, entre otros) incumpliendo sus obligaciones, lo cual ocasionó que no se pudiese efectuar la remodelación del local para su apertura. Ante ello, estimó daños ascendientes a $60,000.00. El 18 de abril de 2023, la señora **REYES RODRÍGUEZ** y la **SLG** presentaron su *Contestación a Demanda Enmendada y Reconvención.*[8] Arguyeron que no firmaron el contrato de arrendamiento ni se obligaron como garantizadores de la corporación.

Al poco tiempo, el 24 de abril de 2023 y el 5 de mayo de 2023, **ISLA VERDE MALL** presentó su *Contestación a Reconvención* conteniendo sus defensas afirmativas.[9]

El 9 de noviembre de 2023, las partes presentaron el *Informe sobre Conferencia con Antelación al Juicio (Informe).*[10] Después, el 22 de enero de 2024, **ISLA VERDE MALL** presentó una *Solicitud de Sentencia Sumaria.*[11] Al día

---

[7] Apéndice de la *Apelación*, págs. 218- 228.
[8] *Íd.*, págs. 209- 217.
[9] *Íd.*, págs. 196- 200 y 202- 208.
[10] *Íd.*, págs. 176- 194.
[11] Apéndice de la *Apelación*, págs. 58- 175. La *Solicitud de Sentencia Sumaria* está acompañada de copia de los siguientes documentos: (1) Contrato de Arrendamiento (Lease Agreement); (2) copia Cheque número 682 de cuenta perteneciente a Carlos M. Pérez y/o Denisse Reyes DBA Aurora Publicidad en FirstBank por la cantidad de $7,666.66 a favor de **ISLA VERDE MALL**; (3) Hoja de devolución de cheque por fondos insuficientes fechada 27 de septiembre de 2021; (4) Correo electrónico fechado 27 de septiembre de 2021 sobre misiva informando que **ISLA VERDE MALL** concedió una aportación para construcción de $10,000.00; (5) Carta con fecha de 29 de noviembre de 2021 suscrita por **ISLA VERDE MALL**; (6) Comunicación de 7 de octubre de 2021 autorizando la remodelación y/o trabajos de construcción según planos sometidos; (7) Carta fechada 14 de octubre de 2021 autorizando, por excepción, el desembolso de 50% del Construction Allowance; (8) *Declaración Jurada* suscrita el 22 de enero de 2024 por el señor Gerardo Ayala Rivera, gerente de operaciones de **ISLA VERDE MALL**; (9) Cheque número 7691 por la cantidad de $5,000.00 a favor del señor **PÉREZ COLÓN** emitido por **ISLA VERDE MALL**; (10) Correo electrónico fechado 13 de diciembre de 2021 suscrito por el señor Rubén F. Irizarry; (11 ) Correo electrónico de 3 de febrero de 2022 adjuntando Invoice de febrero de 2022; (12) Correo electrónico suscrito el 16 de febrero de 2022 por el señor **PÉREZ COLÓN** informando haber obtenido endosos del Departamento de Salud y Bomberos y reiterando solicitud de extensión de del periodo de pago por tres (3) meses; (13) Resumen de Permiso (Solicitud); (14) Correo electrónico fechado el 17 de febrero de 2022 del señor **PÉREZ COLÓN PÉREZ COLÓN** exponiendo que el Municipio de Carolina requiere que se cambie el contrato de arrendamiento a nombre de la corporación; (15) Correo electrónico de 29 de junio de 2022 incluyendo misiva con fecha de 28 de junio de 2022 sobre

siguiente, se celebró audiencia, mediante videoconferencia, en la cual, entre otras cosas, el foro primario le requirió a las partes hacer un esfuerzo razonable para estipular prueba y hechos del mismo modo simplificar las alegaciones a probar.[12] En este sentido, concedió hasta el 16 de febrero de 2024 para enmendar el *Informe de Conferencia* e indicó que, hasta que no recibiera el *Informe de Conferencia* enmendado y la réplica, no atendería la *Solicitud de Sentencia Sumaria.*

El 12 de febrero de 2024, los señores **PÉREZ COLÓN** y **REYES RODRÍGUEZ**, así como la **SLG**, presentaron su *Oposición a Solicitud de Sentencia Sumaria.*[13] En dicha oposición, estos aceptaron lo alegado en los párrafos 6- 37 (no están en controversia); y aceptaron lo alegado en los párrafos 38- 40 (los asuntos litigiosos o en controversia) según relacionados en la *Solicitud de Sentencia Sumaria* presentada por **ISLA VERDE MALL**. En contraposición, incluyeron tres (3) controversias.[14] Acto seguido, el 19 de febrero de 2024, la señora **REYES RODRÍGUEZ** y la **SLG** presentaron su *Solicitud de Sentencia Sumaria.*[15] Razonaron que el contrato de arrendamiento solamente fue firmado por el señor **PÉREZ COLÓN** pese a que **ISLA VERDE MALL** tenía conocimiento del estado civil del firmante; por ende, no puede reclamarle a la señora **REYES RODRÍGUEZ** y la **SLG**. Ello, en consideración a lo resuelto en el caso *WRC*

---

balance y Statement de 28 de junio de 2022; (16) Correo electrónico con fecha de 25 de febrero de 2022 anexando misiva de 24 de febrero de 2022 accediendo al subarrendamiento del local a **COFFEE CRAFTERS**; (17) Carta de 23 de marzo de 2022 manifestando preocupación por no haberse comenzado los trabajos de construcción y haber vencido el periodo de gracia acompañado de correo electrónico de 13 de diciembre de 2021 exponiendo haber notado que los trabajos de remodelación no han comenzado; (18) *Declaración Jurada* suscrita el 22 de enero de 2024 por el señor Gerardo Ayala Rivera, gerente de operaciones de **ISLA VERDE MALL**; (19) Notificación de Requisitos para Aprobación de Permiso de Construcción expedido el 9 de junio de 2022 por el Municipio de Carolina; (20) Correo electrónico de 6 de julio de 2022 remitiendo comunicación fechada 5 de julio de 2022 suscrito por el señor **PÉREZ COLÓN**; (21) Correo electrónico de 5 de agosto de 2022 uniendo Statement de 5 de agosto de 2022; (22) Carta de 17 de octubre de 2022 sobre balance de cuenta que refleja atrasos y Statement de 13 de octubre de 2022; y (23) Statement de 22 de enero de 2024.

[12] Apéndice de la *Apelación*, pág. 57.

[13] *Íd.*, págs. 45- 56. La *Oposición a Solicitud de Sentencia Sumaria* no tiene incluida o anejada copia de documento alguno.

[14] Una de las controversias es: si uno de los miembros de la sociedad legal de gananciales, advirtiendo a terceros, que es casado, y esos terceros acuerden un contrato, sin la firma del otro miembro de la sociedad legal de gananciales, luego de haber sido informado. Si esto obliga a la sociedad legal de gananciales y al miembro que no firmó el contrato. O, por el contrario, es una deuda privativa del que suscribió el contrato pues el acreedor aceptó que fuese privativa.

[15] Apéndice de la *Apelación*, págs. 13- 18. La *Solicitud de Sentencia Sumaria* no tiene incluida o anejada copia de documento alguno.

*Properties, Inc. v. Santana*.[16] Al otro día, 20 de febrero de 2024, las partes presentaron el *Informe sobre Conferencia con Antelación al Juicio Enmendado*.[17]

Prontamente, el 11 de marzo de 2024, **ISLA VERDE MALL** presentó su *Oposición a la Solicitud de Sentencia Sumaria presentada por la Co-Demandada Denisse Reyes Rodríguez*.[18] Expuso que nuestro Código Civil dispone que son bienes gananciales las empresas creadas o fundadas durante la vigencia del matrimonio y son responsabilidad primaria de la sociedad las cargas y gastos que se origen por las deudas y obligaciones contraídas durante la vigencia del matrimonio por cualquiera de los cónyuges. En estas circunstancias, el 12 de marzo de 2024, se pronunció la *Sentencia Sumaria Parcial* apelada.

Inconforme con esta determinación, el 10 de abril de 2024, **ISLA VERDE MALL** acudió ante este foro revisor intermedio mediante *Apelación*. En su recurso, formuló el(los) siguiente(s) error(es):

> Erró el TPI al aplicar automática y erróneamente el caso *WRC Properties v. Santana*, *supra*, y dictar la sentencia sumaria parcial de autos, a pesar de la prueba aportada, a pesar de las admisiones de las Apeladas y ante el hecho de que las apeladas <u>ni siquiera</u> hayan alegado que la deuda incurrida estaba **predicada en un ánimo fraudulento u oculto de perjudicar a uno de los cónyuges**. Lo anterior, luego de erróneamente permitir a la parte apelada presentar una solicitud de sentencia sumaria, muy en exceso de finalizado el descubrimiento de prueba y pasar a resolverla sin atender la única solicitud de sentencia sumaria autorizada que era la previamente presentada por la Apelante.

Así, el 16 de abril de 2024, pronunciamos *Resolución* concediendo término de treinta (30) días a **COFFEE CRAFTERS, DENISSE REYES RODRÍGUEZ, CARLOS MIGUEL PÉREZ COLÓN** y la **SGL** para presentar su alegato en oposición. El 17 de mayo de 2024, **COFFEE CRAFTERS, CARLOS MIGUEL PÉREZ**

---

[16] 116 DPR 127 (1985).
[17] Apéndice de la *Apelación*, págs. 331- 352.
[18] *Íd.*, págs. 2- 11. Esta *Oposición a la Solicitud de Sentencia Sumaria presentada por la Co-Demandada Denisse Reyes Rodríguez* no tiene adjunta copia de documento alguno.

**COLÓN, DENISSE REYES RODRÍGUEZ** y la **SGL** presentaron su *Alegato en Oposición a Apelación*.

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de todas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A – *Sentencia Sumaria*

La *sentencia sumaria* es un mecanismo procesal disponible para adjudicar controversias sin la celebración de un juicio.[19] Su propósito o finalidad es propiciar la solución justa, rápida y económica de los litigios civiles que no presentan controversias genuinas de hechos materiales, y en los cuales sólo resta dirimir una controversia de derecho.[20]

Este mecanismo se encuentra instituido por la Regla 36 de las de Procedimiento Civil de 2009.[21] Esta prescribe que cualquiera de las partes "podrá presentar [...] una moción fundamentada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada".[22]

Lo anterior implica que, la parte promovente debe demostrar que no existe *controversia sustancial* sobre algún hecho material, pues la *sentencia sumaria* solo debe dictarse en casos claros, cuando el tribunal tenga ante sí la verdad sobre todos los hechos pertinentes.[23] Para ello, debe desglosar en párrafos debidamente numerados y, para cada uno de ellos, debe especificar la página o el párrafo de la declaración jurada u otra prueba admisible en

---

[19] *Cruz, López v. Casa Bella y otros,* 2024 TSPR 47, resuelto el 8 de mayo de 2024; *Birriel Colón v. Econo y otro,* 213 DPR 80 (2023); *Segarra Rivera v. Int'l. Shipping et al.,* 208 DPR 964, 979 (2022).
[20] *Id.*
[21] 32 LPRA Ap. V, R. 36.3 (a); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414 432 (2013).
[22] 32 LPRA Ap. V, R. 36.1 y 36.2. *Acevedo y otros v. Dpto. de Hacienda,* 212 DPR 335 (2023).
[23] *Oriental Bank v. Caballero García,* 212 DPR 671 (2023).

evidencia que lo apoya.[24] La jurisprudencia interpretativa ha definido que "[u]n hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable".[25]

Por su parte, quien se opone a que se dicte *sentencia sumaria* está obligado a controvertir la prueba presentada, contestando de forma detallada y específica aquellos hechos pertinentes para demostrar que existe una *controversia real y sustancial* que debe dilucidarse en juicio.[26] Entre la evidencia que puede presentar, están las siguientes: "certificaciones, documentos públicos, admisiones de la parte contraria, deposiciones, contestaciones a interrogatorios, declaraciones juradas o affidávits, y hasta prueba oral".[27] Es decir, no basta con presentar meras afirmaciones. Resulta insuficiente para derrotar una solicitud de *sentencia sumaria* una declaración jurada que meramente exponga conclusiones reiteradas de las alegaciones de la demanda y hechas sin conocimiento personal de los hechos.[28] Empero, será el análisis del derecho aplicable y de la existencia de alguna *controversia sustancial de hechos materiales* lo que determinará si procede dictar sentencia sumariamente, y no el que la parte contraria deje de oponerse a la solicitud, o lo haga defectuosamente.[29]

Al evaluar la procedencia de la solicitud de *sentencia sumaria* el tribunal **analizará los documentos que acompañan la moción de *sentencia sumaria*, los documentos incluidos con la moción en oposición y aquellos que obren en el expediente del tribunal**.[30] Por ello, "[t]oda inferencia que se haga a base de los hechos y documentos que obren en los autos, debe tomarse desde el punto de vista más favorable al que se

---

[24] Regla 36.3(a) de las de Procedimiento Civil de 2009, *supra*; *SLG Zapata-Rivera v. J.F. Montalvo, supra*.

[25] *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981 (2023).

[26] *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 336 (2021); *Ramos Pérez v. Univisión*, 178 DPR 200, 214. (2010).

[27] *Acevedo y otros v. Depto. Hacienda y otros, supra*, citando a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, pág. 318. Véase, además, la Regla 36.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.5.

[28] *Ramos Pérez v. Univisión, supra*, págs. 215- 216.

[29] *Ortiz v. Holsum*, 190 DPR 511, 525 (2014).

[30] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 913 (1994). (énfasis nuestro).

opone a la solicitud de sentencia sumaria".[31] Más aún, el tribunal no tiene que considerar los hechos que no estén debidamente enumerados y no hagan referencia a los párrafos o páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establezcan.[32] Tampoco tiene la obligación de considerar cualquier parte de una declaración jurada o de otra prueba admisible en evidencia a la cual no se haya hecho referencia en la relación de hechos.[33]

No obstante, "cualquier duda no es suficiente para derrotar una moción de sentencia sumaria; por el contrario, tiene que ser una duda que permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes".[34] Por tanto, "[existe] una controversia real cuando la prueba ante el tribunal es de tal naturaleza que un juzgador racional de los hechos podría resolver a favor de la parte promovida".[35]

La parte promovente puede prevalecer por la vía sumaria si presenta prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. En cambio, la parte promovida puede derrotar la moción de tres (3) maneras diferentes: (1) si establece una controversia real de hechos sobre uno de los elementos de la causa de acción de la parte promovente; (2) si presenta prueba que apoye una defensa afirmativa; o (3) si presenta prueba que establezca una controversia sobre la credibilidad de los testimonios jurados que presentó la parte promovente.[36] Esta parte no puede descansar en meras alegaciones sino que viene obligada a contestar en forma tan detallada y específica como lo haya hecho la parte promovente.[37] Ahora bien, la falta de oposición a la moción de *sentencia sumaria* no conlleva la concesión automática del remedio solicitado, si existe una controversia

---

[31] *ELA v. Cole*, 164 DPR 608, 626 (2005); *Mgmt. Adm. Servs. Corp. v. E.L.A.*, 152 DPR 599, 610-611 (2000).
[32] Regla 36.3(d) de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36.3(d). Véase, además, *SLG Zapata-Rivera v. J.F. Montalvo, supra*, pág. 433.
[33] *Íd.*
[34] *Ramos Pérez v. Univisión, supra*, pág. 214.
[35] *Íd.*
[36] *Íd.*, pág. 217.
[37] Regla 36.3 (c) de las de Procedimiento Civil de 2009.

legítima sobre un hecho material, o si la sentencia no procede conforme al derecho sustantivo aplicable.[38] Del mismo modo, el tribunal puede dictar *sentencia sumaria* de naturaleza interlocutoria para resolver cualquier controversia que existe entre las partes y sea separable de las controversias restantes.[39]

"[N]o es aconsejable utilizar la moción de sentencia sumaria en casos en donde existe controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de la credibilidad es esencial y está en disputa".[40] Empero, "la regla no excluye tipos de casos y realmente puede funcionar en cualquier contexto sustantivo".[41]

La Regla 36.4 de las de Procedimiento Civil de 2009 delimita las instancias en que el Tribunal de Primera Instancia está obligado a consignar en su dictamen los hechos materiales sobre los cuales no hay controversia, y cuáles hechos materiales halló controvertidos; a saber: (1) cuando no se dicta *sentencia sumaria* sobre la totalidad del pleito; (2) cuando no se concede todo el remedio solicitado; y (3) cuando se deniega la moción de *sentencia sumaria*.[42] Estas tres (3) instancias conllevan la celebración de una audiencia en su fondo. En estos casos, la consignación en la *sentencia sumaria* de los hechos materiales sobre los cuales no hay controversia sustancial hace innecesario presentar evidencia o prueba sobre estos durante el juicio.[43]

Dicho esto, este Tribunal de Apelaciones se encuentra en la misma posición que el Tribunal de Primera Instancia al momento de revisar [denegaciones] o concesiones de mociones de *sentencia sumaria*.[44] Esto significa que, al evaluar la solicitud de *sentencia sumaria*, al igual que el foro primario, debemos aplicar los criterios de la Regla 36 de las de Procedimiento

---

[38] *Ortiz v. Holsum de PR, Inc., supra*, pág. 525 (2014); *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 137 (2015) (Estrella Martínez, opinión disidente).
[39] 32 LPRA Ap. V, R. 36.3(e).
[40] *Ramos Pérez v. Univisión PR, Inc., supra,* pág. 219.
[41] *Íd.,* pág. 220.
[42] 32 LPRA Ap. V, R. 36.4. *Pérez Vargas v. Office Depot,* 203 DPR 687, 697 (2019).
[43] *Íd.*
[44] *Rosado Reyes v. Global Healthcare,* 205 DPR 796, 809 (2020); *Rivera Matos et al. v. Triple-S et al.,* 204 DPR 1010, 1025 (2020); *Meléndez González et al. v. M. Cuebas, supra*, pág. 118.

Civil de 2009 y su jurisprudencia interpretativa. Ello supone examinar el expediente de la manera más favorable hacia la parte que se opuso a la solicitud de *sentencia sumaria*, llevando a cabo todas las inferencias permisibles a su favor. Como resultado, tenemos el deber de revisar que tanto la moción de *sentencia sumaria* como su oposición cumplan con los requisitos de forma instituidos en la Regla 36 de las de Procedimiento Civil de 2009.[45]

En esencia, si el foro primario **acogió la moción** y dictó sentencia sumariamente, nos corresponderá revisar que, efectivamente si existen hechos materiales en controversia.[46] De no existir, procederemos entonces a revisar de *novo* si el Tribunal de Primera Instancia adjudicó correctamente el derecho. Por el contrario, si el foro primario denegó la moción de *sentencia sumaria* por entender que existían hechos materiales en controversia, "**el tribunal apelativo solo revisa si el foro primario abusó de su discreción**".[47] En palabras sencillas, los tribunales revisores estamos limitados a: (1) considerar los documentos que se presentaron ante el foro de instancia; (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales; y (3) comprobar si el derecho se aplicó de forma correcta.[48]

### - B - *Sociedad Legal de Gananciales*

La *Sociedad Legal de Gananciales* es un régimen económico que, de ordinario, forma la institución del matrimonio en Puerto Rico cuando no se haya otorgado sobre capitulaciones matrimoniales.[49] Al palio de este precepto, los cónyuges figuran como codueños y administradores de todo el patrimonio matrimonial sin adscribírsele cuotas específicas a cada uno.[50] Es

---

[45] *Birriel Colón v. Supermercado Los Colobos, supra.*

[46] *Rivera Matos et al. v. Triple S et al., supra*, pág. 1025.

[47] *Meléndez González et al. v. M. Cuebas, supra*, pág. 116. (énfasis nuestro).

[48] *Birriel Colón v. Supermercado Los Colobos, supra*, pág. 5; *Meléndez González et al. v. M. Cuebas, supra*, págs. 114– 116.

[49] 31 LPRA § 6951; *SLG Báez-Casanova v. Fernández et al.*, 193 DPR 192, 211 (2015); *Montalván v. Rodríguez*, 161 DPR 411, 420 (2004).

[50] 31 LPRA § 7041; *SLG Báez Casanova v. Fernández, supra*, pág. 197; *Roselló Puig v. Rodríguez Cruz*, 183 DPR 81, 93 (2011).

decir, "la masa ganancial está compuesta por bienes y derechos, que[,] estando directa e inmediatamente afectos al levantamiento de las cargas familiares, son de titularidad conjunta de los cónyuges sin especial atribución de cuotas".[51]

Por su naturaleza, la *Sociedad Legal de Gananciales* se reconoce como una entidad con personalidad jurídica propia y separada de los dos (2) miembros que la componen.[52] Ello quiere decir que, esta "no absorbe la personalidad individual de los cónyuges que la integran".[53]

Empero, la figura de la *Sociedad Legal de Gananciales* se ha conceptuado, históricamente, como una entidad económica familiar *sui generis* que no tiene el mismo grado de personalidad jurídica que las sociedades ordinarias o entidades corporativas.[54] En ese sentido, para reclamar una deuda de carácter ganancial, el acreedor debe dirigirse contra los bienes gananciales, y debe demandar y emplazar debidamente a la *Sociedad Legal de Gananciales*.[55] Al respecto, el Máximo Foro ha dispuesto que "cuando se intente demandar a una [Sociedad Legal de Gananciales], la misma debe ser emplazada conforme a derecho, a saber: a través de ambos cónyuges". Asimismo, se ha establecido que, cuando se vaya a demandar a la *Sociedad Legal de Gananciales*, se debe diligenciar el emplazamiento a ambos cónyuges, por sí y en representación de la *Sociedad Legal de Gananciales*.[56]

Durante la vigencia de la *Sociedad Legal de Gananciales,* todos los bienes, las deudas y obligaciones adquiridas, asumidas e/o incurridas por cualquier de los cónyuges gozan de una presunción *iuris tantum* de

---

[51] Joaquín J. Ramos Albesa, *La Sociedad de Gananciales*, Madrid, Ed. Tecnos, S.A., 1992, pág. 28.

[52] *Matos Rivera v. Soler Ortiz*, 213 DPR 1044 (2024); *Torres Zayas v. Montano Gómez, et al.*, 199 DPR 458 (2017).

[53] *Pagán Rodríguez v. Registradora, 177 DPR 522, 542 (2009); Vega v. Bonilla, 153 DPR 588, 592 (2001).*

[54] *Muñiz Noriega v. Muñoz Bonet*, 177 DPR 967, 978 (2010); *Reyes Castillo v. Cantera Ramos*, 139 DPR 925, 928 (1996).

[55] *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, 207 DPR 636 (2021); *Pauneto v. Núñez*, 115 DPR 591, 595 (1984).

[56] *Torres Zayas v. Montano Gómez, supra.*

gananciabilidad controvertible.[57] En cuanto a los bienes, se consideran *gananciales*:

> (a) los adquiridos por título oneroso durante y a costa del caudal común, bien se haga la adquisición para la sociedad conyugal, para el disfrute y provecho de los miembros de la familia o para uno solo de la cónyuges; comunidad o para uno solo de los esposos; (b) los obtenidos por el trabajo o la industria de cualquiera de los cónyuges; (c) los frutos que producen tanto los bienes privativos como los bienes comunes y gananciales; (d) los adquiridos por el derecho de retracto, con carácter ganancial, aún cuando se empleen fondos privativos en dicha adquisición, en cuyo caso la sociedad es deudora del cónyuge por el valor satisfecho; y € las empresas creadas o fundadas durante la vigencia de la sociedad por cualquiera de los cónyuges, a expensas de los bienes comunes. Si en la formación o desarrollo de tales entidades económicos concurren el capital privativo y el capital común, aplicará lo dispuesto en la sección sobre la cotitularidad de bienes.[58]

> *A contrario sensu*, se consideran bienes de *carácter privativo*:

> (1) los que le pertenecen desde antes de contraer matrimonio, o desde antes de que la sociedad adquiera vigencia si esta se establece después; (b) los que adquiere por título gratuito durante la vigencia de la sociedad, sea por donación, por legado o por herencia; (c) los que adquiere a costa o en sustitución de otros bienes privativos; (d) los bienes y los derechos patrimoniales inherentes a su persona y los no transmisibles o indisponibles en vida a favor de un tercero; (e) el resarcimiento por los daños inferidos a su persona o a sus bienes privativos; (f) las cantidades o los créditos adquiridos antes de la vigencia de la sociedad y pagaderos en cierto número de años, aunque las sumas vencidas se reciban durante la vigencias de esta; y (g) los adquiridos por el derecho de retracto sobre bienes que le pertenecían antes de estar vigente la sociedad.[59]

Asimismo, el Artículo 520 del Código Civil de Puerto Rico 2020 enuncia:

> Son responsabilidad primaria de la sociedad de gananciales las cargas y gastos que se originen por alguna de las siguientes causas: (a) el sostenimiento de la familia, la alimentación y la educación de los hijos comunes, y de los propios de cada cónyuge; (b) las atenciones de previsión que son parte del derecho de alimentos, siempre que se acomoden a los usos y a las circunstancias ordinarias de la familia; (c) la adquisición, la conservación y el disfrute de los bienes comunes y gananciales; (d) la administración y la conservación ordinaria de los bienes privativos de cualquiera de los cónyuges; (e) la explotación regular de las empresas comunes o el desempeño de la profesión, el arte o el oficio de cada cónyuge; y **(f) las deudas y las obligaciones contraídas durante la vigencia de la sociedad por cualquiera de los cónyuges**.[60]

---

[57] 31 LPRA § 6971.
[58] 31 LPRA § 6965.
[59] 31 LPRA § 6961.
[60] 31 LPRA § 6981. (énfasis nuestro).

Lo anterior supone que las obligaciones o deudas que afecten bienes gananciales deben pagarse con cargo al caudal ganancial.[61] Hay que tener presente, además, que "si se constituye un fondo común de bienes, es, precisamente, por la imperiosa necesidad de satisfacer obligaciones idénticamente comunes".[62]

Ahora bien, si una parte prueba que determinada deuda u obligación fue contraída para beneficio exclusivo de uno de los cónyuges; no sirvió el interés de la familia; o fue efectuada con el ánimo de perjudicar o defraudar al otro cónyuge, dicho pasivo no se reputará ganancial. En consonancia con ello, el Alto Foro ha resuelto que el peso de la prueba le corresponde al cónyuge que niega la naturaleza ganancial de dicha deuda u obligación.[63]

- III –

En el caso de marras, **ISLA VERDE MALL** punteó un solo señalamiento de error que contiene dos (2) vertientes: por un lado, aplicar automática y erróneamente lo resuelto por nuestro Máximo Foro en el caso *WRC Properties v. Santana*, 116 DPR 127 (1985), y dictar *Sentencia Sumaria Parcial,* pese a las admisiones de los señores **PÉREZ COLÓN** y **REYES RODRÍGUEZ**, así como de la **SLG.** Por otra parte, considerar la *Solicitud de Sentencia Sumaria* presentada por la señora **REYES RODRÍGUEZ** y **SLG** fuera de término e incumpliendo con la Regla 36 de las de Procedimiento Civil de 2009.

Los señores **PÉREZ COLÓN** y **REYES RODRÍGUEZ,** y la **SLG** señalaron que en el momento en que se suscribió el contrato de arrendamiento con **ISLA VERDE MALL** conocía que el señor **PÉREZ COLÓN** estaba casado y no se requirió

---

[61] *Íd.*

[62] Scaevola, *Código Civil comentado y concordado extensamente*. 2da ed., Reus, Madrid, 1967, tomo XXII, pág. 474.

[63] *Muñiz Noriega v. Muñoz Bonet, supra*, pág. 981.

Artículo 521. — **Responsabilidad por actos individuales de los cónyuges**. 31 LPRA § 6982.

Los bienes comunes y **gananciales** responden de las deudas contraídas por **un cónyuge**:

(a) en el ejercicio de las facultades que por la ley o por las capitulaciones le corresponden respecto a la gestión, la administración y la disposición de dichos bienes en el ejercicio ordinario de la profesión, el arte o el oficio; y

(b) en la administración ordinaria y de buena fe de los bienes e intereses propios. Se presume en estos casos que el cónyuge actúa con el consentimiento del otro, mientras no se pruebe lo contrario.

la comparecencia de la señora **REYES RODRÍGUEZ.** Entienden que con esta acción renunció a dirigir acción legal contra la *Sociedad Legal de Gananciales* y la señora **REYES RODRÍGUEZ.**

Como cuestión de umbral, precisa señalar que, a tenor con la normativa atinente a la revisión de *sentencia sumaria,* y luego de justipreciar concienzudamente los respectivos escritos presentados, hallamos que: (i) la *Solicitud de Sentencia Sumaria* y la *Oposición a la Solicitud de Sentencia Sumaria Presentada por la Co-Demandada Denisse Reyes Rodríguez* presentadas por **ISLA VERDE MALL** cumplen a cabalidad con los requisitos de forma estatuidos en la Regla 36 de las de Procedimiento Civil de 2009, *supra*; y (ii) la *Solicitud de Sentencia Sumaria* presentada por la señora **REYES RODRÍGUEZ** y la **SLG***,* así como la *Oposición a Solicitud de Sentencia Sumaria* presentada por los señores **PÉREZ COLÓN** y **REYES RODRÍGUEZ,** y la **SLG** cumplen con los requisitos de forma estatuidos en la Regla 36 de las de Procedimiento Civil de 2009, *supra.* En su *Oposición a Solicitud de Sentencia Sumaria*, los señores **PÉREZ COLÓN** y **REYES RODRÍGUEZ,** y la **SLG** incluyeron una relación de los párrafos aceptados: 1- 4 y 6- 37 como incontrovertidos (hechos esenciales que no están en controversia); negaron el párrafo 5 y aceptaron los párrafos 38- 40 como los hechos esenciales controvertidos (en controversia). Ello no dispone sin más de la controversia ante nuestra consideración.

Al revisar la totalidad del expediente judicial, este revela que el tribunal apelado aplicó correctamente la Regla 36 de las de Procedimiento Civil de 2009. En consecuencia, acogemos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial (incontrovertidos): 1- 4 y 6- 37 y los párrafos 38- 40 como los hechos esenciales en controversia (controvertidos) de la *Solicitud de Sentencia Sumaria* presentada por **ISLA VERDE MALL**.

Es nuestro deber revisar si el foro de instancia aplicó correctamente el derecho al asunto que nos ocupa. Resolvemos en la negativa. Lo cierto es que

no existe duda alguna en torno a que la señora **REYES RODRÍGUEZ** y la **SLG** no comparecieron o firmaron el contrato de arrendamiento (*"Lease Agreement"*) con **ISLA VERDE MALL.** Expuestas esas alegaciones, es necesario que profundicemos en lo resuelto por el Tribunal de Instancia. En primer lugar, es fundamental observar concienzudamente lo resuelto en *WRC Props., Inc v. Santana*. De entrada, las circunstancias fácticas en el caso de referencia ciertamente poseen elementos análogos al caso ante nuestra consideración, pero, en esencia, son distinguibles. En lo concerniente, el Alto Foro dictaminó:[64]

> Reiteramos que la protección del tráfico jurídico descansa en un **estricto desconocimiento**, bona fide, del status civil de la persona obligada. Un **mínimo de diligencia**, que se traduce en un deber jurídico insoslayable del acreedor de inquirir al obligado sobre este extremo, le brindaría la protección adecuada... Recuérdese, **que la capacidad de administración y representación exclusiva de uno de los cónyuges solo puede ser conferida en virtud de un mandato expreso del otro cónyuge.**[65]

Al interpretar cuidadosamente lo concluido por el Máximo Foro y lo dispuesto en nuestro Código Civil vigente, en este caso, concebimos que cuando uno de los cónyuges - estando casado y habiendo expresado tal condición civil - al suscribir un contrato de arrendamiento y entregar una cantidad sustancial de dinero: $7,666.66 a favor de **ISLA VERDE MALL** proveniente de una cuenta bancaria perteneciente al firmante y a la señora **REYES RODRÍGUEZ** connaturalmente, cabe desentrañar que, si los fondos para pagar y garantizar una obligación **provienen de una cuenta bancaria ganancial, la deuda contraída también es ganancial**.[66] Es decir, indistintamente de lo estipulado en el contrato de arrendamiento o la omisión de la firma de la señora **REYES RODRÍGUEZ**, el señor **PÉREZ COLÓN** utilizó dinero perteneciente a la **SLG** para garantizar un depósito y efectuar el pago del primer mes de arrendamiento del local que ocuparía su negocio.[67]

---

[64] Refiérase *WRC Props., Inc. v. Santana, supra*, pág. 136.
[65] (énfasis nuestro).
[66] 31 LPRA § 6981; Artículo 520. — **Responsabilidad principal de la sociedad**.
[67] Artículo 520 del Código Civil de Puerto Rico 2020.

Entendemos que el argumento de los señores **PÉREZ COLÓN** y **REYES RODRÍGUEZ,** y la **SLG** de que **ISLA VERDE MALL** conocía – al momento de rubricar el acuerdo – las circunstancias personales y civiles del señor **PÉREZ COLÓN** al no exigir la firma de la señora **REYES RODRÍGUEZ**, eliminó la opción a **ISLA VERDE MALL** de entablar una causa de acción contra la señora **REYES RODRÍGUEZ** y la **SLG** es incorrecto en derecho.

En definitiva, colegimos que el tribunal primario erró y abusó de su discreción, cometió perjuicio y error manifiesto al declarar ha lugar la *Solicitud de Sentencia Sumaria* presentada por la señora **REYES RODRÍGUEZ** y la **SLG,** toda vez que, su determinación es equivocada. En conclusión, se incidió en el error señalado.

- **VI**-

Por los fundamentos antes expuestos, ***revocamos*** la *Sentencia Sumaria Parcial* determinada el 12 de marzo de 2024 por el Tribunal de Primera Instancia, Sala Superior de Carolina; ***acogemos*** los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial (incontrovertidos): 1- 4 y 6- 37 y los párrafos 38- 40 como los hechos esenciales en controversia (controvertidos) de la *Solicitud de Sentencia Sumaria* presentada por **ISLA VERDE MALL;** y ***devolvemos*** el caso al foro primario para la continuación de los procedimientos de forma compatible con nuestros pronunciamientos.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones